### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

### DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND OTHER COLLATERAL AND GRANTING LENDER ADEQUATE PROTECTION PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE AND TO SCHEDULE A FINAL HEARING

LB Steel, LLC (the "Debtor"), by its putative counsel, files this motion (the "Motion") for interim and final orders pursuant to 11 U.S.C. §§ 361 and 363 authorizing the Debtor to use cash collateral and other collateral and granting adequate protection and to schedule a final hearing on the Motion.[1]  In support of this Motion, the Debtor respectfully represents as follows.

### CASH COLLATERAL SUMMARY

1.    By this Motion, the Debtor seeks the entry of an Interim Cash Collateral Order authorizing it to use certain cash collateral of MB Financial Bank, N.A. (the "Lender"), which consists of revenue generated from the operation of the Debtor's business and petty cash expended in its business.  It is critical for the Debtor to use such cash collateral to finance its ongoing post-petition business operations until it completes a sale of its assets and/or confirms a plan of reorganization.  Absent the use of cash collateral, the Debtor will be forced to close its business, in which case its assets and its bankruptcy estate will be irreparably harmed to the detriment of the Debtor and all of its creditors, and will result in significant job losses.

---

[1] The Debtor's proposed interim cash collateral order (the "Interim Cash Collateral Order") is attached to this Motion as <u>Exhibit 2</u>.  The final cash collateral order (the "Final Cash Collateral Order") will be filed separately.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Interim Cash Collateral Order.

2. The Debtor proposes to use cash collateral on an interim basis for a period of 13 days pursuant to the budget attached as Exhibit 1 to the Interim Cash Collateral Order (the "Budget"), allowing the Debtor to exceed any individual line item by 10% as long as the total does not exceed the total cash disbursements identified in the Budget.

3. The Debtor requests that the Court schedule a final hearing no earlier than 15 days following the date the Court enters an Interim Cash Collateral Order. The proposed adequate protection the Debtor expects to provide to the Lender is replacement liens to the extent and priority of the Lender's pre-petition liens and the continued operation and maintenance of the Debtor's business, which will preserve the value of the Lender's collateral. The Debtor has not included any of the provisions identified in Local Rule 4001-2(A)(2)(a) through (j) in the Interim Cash Collateral Order.

4. The Debtor proposes that its interim right to use the cash collateral expire on the earliest to occur of: (a) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of the Interim Cash Collateral Order; (b) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code; or (c) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor (the first such occurrence being hereinafter referred to as the "Termination Event"). On and after the Termination Event, the Debtor will immediately cease using any of the cash collateral; *provided however*, that the Debtor reserves the right to seek Court authorization to continue to use such cash collateral.

**JURISDICTION**

5. The Bankruptcy Court exercises jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2). Venue of this bankruptcy case and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested by this Motion are sections 361 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

1. On October 16, 2015 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor's business and history are more fully set forth in the Declaration of Michael Goich filed on the Petition Date. The Debtor believes that chapter 11 will afford it the opportunity to restructure or sell its business as a going concern.

2. To finance the operation of its business, the Debtor obtained two loans from MB Financial Bank, N.A. in June, 2014: (a) a $2,400,000 term loan maturing on June 15, 2018; and (b) a $15,000,000 revolving loan (together, the "Loans"). In connection with the Loans the Debtor executed, among other documents, (a) that certain Loan and Security Agreement dated as of June 18, 2014, (b) that certain Term Note in the original principal amount of $2,400,000 dated June 18, 2014, and (c) that certain Revolving Note in the amount of $15,000,000 dated June 18, 2014 (together with all other documents which evidence, secure, or relate to the Loan, the "Loan Documents"). Copies of the Loan Documents are filed herewith as Group Exhibit 1.

## RELIEF REQUESTED

3. By this Motion, the Debtor requests entry of interim and final orders authorizing the Debtor to:

    (a) use the Lender's cash collateral (the "Cash Collateral"), pursuant to sections 361 and 363 of the Bankruptcy Code and any other collateral in which the Lender has an interest (together with the

3

    Cash Collateral, the "Prepetition Collateral"), and provide adequate protection to the Lender's interests in the Prepetition Collateral resulting from its use; and

 (b) pursuant to Bankruptcy Rule 4001, schedule, no earlier than 15 days from the entry of the Interim Cash Collateral Order, a hearing (the "Final Hearing") for this Court to consider entry of a final order authorizing the use of Cash Collateral, as set forth in this Motion.

4. Without the continued access to use the Cash Collateral, the Debtor will not have sufficient available working capital to finance its ongoing post-petition business operations. The Debtor represents that use of its Cash Collateral will allow it to operate as a going concern until it completes a sale of substantially all of its assets and/or confirms a plan of reorganization, which will maximize the value of the estate for all creditors. In the absence of authorization of the use of the Cash Collateral, the Debtor cannot continue the operation of its business, causing immediate and irreparable harm to its assets, creditors and bankruptcy estate. The Debtor's proposed use of such Cash Collateral is fair and reasonable and reflects the Debtor's exercise of prudent business judgment consistent with its fiduciary duties. Further, the Debtor believes that the proposed adequate protection for the Lender, including the continued operation and maintenance of its business and offering Lender replacement liens, will preserve the value of the Lender's collateral.

## BASIS FOR RELIEF

**A.** **Use of Cash Collateral**

5. The revenues generated by the Debtor's business are subject to the Lender's security agreement and, as such, constitute Cash Collateral. Section 363(a) of the Bankruptcy Code defines cash collateral as, among other things, "the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a

4

security interest as provided in section 552(b) of this title." 11 U.S.C. § 363(a). Section 552(b)(2) similarly provides, in pertinent part, that:

> [I]f the debtor and an entity entered into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to amounts paid as rents of such property or the fees, charges, accounts, or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties, then such security interest extends to such rents and such fees, charges, accounts, or other payments acquired by the estate after the commencement of the case to the extent provided in such security agreement . . .

11 U.S.C. § 552(b)(2).

6. The Debtor has a critical need for the immediate use of the Lender's Cash Collateral to continue to timely satisfy ongoing postpetition obligations. Without the use of the Cash Collateral, the Debtor will not be able to sustain its business during the post-petition period and will be forced to close its business. Such a result would be disadvantageous to the Debtor's creditors, including the Lender.

7. Therefore, the Debtor requests authority to use Cash Collateral to operate its business and to pay its employees, taxes, insurance, and bankruptcy-related expenses, so that the Debtor's business can continue to generate revenue and maintain its value. To enable the Debtor to sustain its business, approval of the use of the Prepetition Collateral is imperative.

**B.    Adequate Protection**

8. Pursuant to section 363(c)(2) of the Bankruptcy Code, the Debtor may not use the Cash Collateral absent the consent of the Lender or authority granted by the Court. *See* 11 U.S.C. § 363(c)(2). Section 363(e) of the Bankruptcy Code provides that on request of an entity that has an interest in property to be used by the Debtor, the Court shall prohibit or condition

5

57419-0002/127965034.2

such use as is necessary to provide adequate protection of such interest. *See* 11 U.S.C. § 363(e).

9. Pursuant to *United States v. Timbers of Inwood Forest*, 484 U.S. 365, 372 (1988), the interest in property entitled to adequate protection under section 363(e) is equal to the value of the collateral that is subject to the secured creditor's lien. Accordingly, a debtor can provide adequate protection to a secured creditor by maintaining the value of the collateral. *See, e.g., In re Addison Prop. Ltd. P'ship*, 185 B.R. 766, 769 (Bankr. N.D. Ill. 1995) ("it is now established that 'adequate protection' is meant only to assure that a secured creditor does not suffer a decline in the value of its interest in the estate's property, rather than to compensate the creditor for the bankruptcy-imposed delay in enforcing its rights in that property.").

10. As adequate protection for the Lender's interest in the Cash Collateral, the Debtor proposes to use the Cash Collateral to pay operating expenses of its business, including its employees, postpetition vendors, insurance, taxes and bankruptcy-related expenses, as more specifically described in the Budget attached as Exhibit 1 to the proposed Interim Cash Collateral Order, allowing the Debtor to exceed any individual line item by 10% as long as the total does not exceed the total cash disbursements identified in the Budget. By so doing, the Debtor anticipates that it will be able to maintain its business—and the Lender's collateral—and keep it from deteriorating or diminishing in value. Indeed, the Debtor submits that expending the Cash Collateral on the operation of its business will preserve the value of the business and, thus, the Lender's security. The Debtor proposes to provide the Lender with replacement liens on all of the Debtor's post-petition assets with the same priority and to the same extent as the Lender's security interested on the Debtor's pre-petition assets.

11. The Debtor requests that the Court find that the foregoing adequately protects the Lender's interest in its collateral.

57419-0002/127965034.2

C. **Emergency and Interim Approval**

12. Bankruptcy Rule 4001(b) governs the procedures for the use of cash collateral, and provides, in relevant part:

> The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 15 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 15 day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Fed. R. Bank. P. 4001(b)(2).

13. The Court is authorized to conduct a preliminary expedited hearing on the Motion and authorize the interim use of Cash Collateral to the extent necessary to avoid immediate and irreparable harm to the Debtor's estate. The Debtor seeks entry of the Interim Cash Collateral Order to avoid immediate and irreparable harm to its estate, its assets and its creditors. This relief will enable the Debtor to operate its business in the ordinary course and to pay necessary expenses and avoid immediate and irreparable harm to its estate pending a final hearing on the Motion. Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2, the Court is authorized to grant the relief requested by this Motion.

## COMPLIANCE WITH RULE 4001 AND LOCAL RULE 4001-2

14. Local Rule 4001-2, which governs cash collateral motions filed within this Judicial District, requires the Debtor to highlight certain provisions contained in the Interim Cash Collateral Order, identify the location of any such provision in such order, and state the justification for the inclusion of such provision. *See* Local Rule 4001(A)(2). The Debtor submits that none of the provisions contained in Local Rule 4001-2(A)(2)(a) through (j) are included in the Interim Cash Collateral Order attached hereto as Exhibit 2.

7

15. Local Rule 4001-2 also requires that all cash collateral motions provide a summary of the essential terms of the proposed usage of cash collateral. *See* Local Rule 4001-2(A)(3). Likewise, Bankruptcy Rule 4001(b) provides that if a cash collateral motion exceeds five pages, it must begin with a concise statement of the relief requested, which summarizes and identifies the location of certain material provisions in the applicable documents. *See* Bankruptcy Rule 4001(b)(1)(B). The Debtor asserts that it has complied with both Bankruptcy Rule 4001(b) and Local Rule 4001-2(A)(3) by providing the Cash Collateral Summary at the beginning of this Motion.

16. Lastly, Local Rule 4001-2 provides that all cash collateral motions must provide a budget covering the time period in which the order shall remain in effect. *See* Local Rule 4001-2(A)(4). In satisfaction of such requirement, the Budget is attached to the Interim Cash Collateral Order as Exhibit 1. The Debtor requests authority to exceed any included expenses set forth in the Budget up to 10%; provided, however, that the Debtor's total cash disbursement shall not exceed the total cash disbursements identified in the Budget.

## **NOTICE**

17. Notice of this Motion has been given to: (a) the United States Trustee; (b) MB Financial Bank, N.A.; (c) the Debtor's 20 largest unsecured creditors; and (d) any party that has appeared and/or requested notice. The Debtor submits that, under the circumstances, no further notice of the hearing is necessary and requests that any further notice be dispensed with and waived.

18. The Debtor further requests that the Court schedule a final hearing on the use of Cash Collateral and authorize the Debtor to serve a copy of the signed Interim Cash Collateral Order, which fixes the time and date for the final hearing and the date for filing of objections, by

first-class mail upon: (a) the United States Trustee; (b) the Lender; (c) the Debtor's 20 largest unsecured creditors; and (d) any party who filed a request for notice in this chapter 11 case pursuant to Bankruptcy Rule 2002 prior to the date of service of the Interim Cash Collateral Order. The Debtor requests that the Court consider such notice of the final hearing to be sufficient notice under Bankruptcy Rule 4001 and Local Rule 4001-2.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order granting the relief requested herein and granting such other relief as is just and proper.

Dated: October 19, 2015

Respectfully submitted,

**LB STEEL, LLC**,

By: */s/ Daniel A. Zazove*
PERKINS COIE LLP
Daniel A. Zazove
David J. Gold
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone: (312) 324-8400
Facsimile: (312) 324-9400

*Proposed Attorneys for the Debtor*

9

57419-0002/127965034.2