UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:  15-35358 |
| LB Steel, LLC | ) | |
| | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

**ORDER (I) AUTHORIZING PAYMENT OF PREPETITION EMPLOYEE
OBLIGATIONS AND RELATED WITHHOLDING TAXES; (II) AUTHORIZING
THE PAYMENT OF PREPETITION EMPLOYEE BENEFITS AND
CONTINUATION OF EMPLOYEE BENEFIT PLANS; AND (III)
DIRECTING ALL BANKS TO HONOR PREPETITION CHECKS
FOR PAYMENT OF PREPETITION EMPLOYEE OBLIGATIONS**

Upon the Motion (the "Motion") of the above-captioned debtor (the "Debtor") for entry of an order under 11 U.S.C. §§ 105(a), 363(b), 507(a), and 541 authorizing, but not requiring, the Debtor to (a) pay all prepetition Employee Obligations, (b) continue the administration of the Employee Benefit Plans, and (c) direct all banks to honor prepetition checks or wire transfers with respect to payments authorized by this Motion; the Court having reviewed the Motion; the Debtor having represented that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the hearing on the Motion was good and sufficient under the present circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as outlined herein.

2. The Debtor is authorized, but not directed, to pay or otherwise honor (including to any third parties that provide or aid in the monitoring, processing or administration of the prepetition Employee Obligations) the prepetition Employee Obligations in the ordinary course of business.

3. The Debtor is authorized, but not directed, to continue postpetition Employee Benefit Plans, other than its discretionary profit-sharing plans for the Debtor's Topeka and Harvey locations, in effect immediately prior to the Petition Date.

4. As applicable, all of the Debtor's banks are hereby authorized and directed, when requested by the Debtor, to receive, process, honor, and pay any and all checks drawn on the Debtor's accounts to pay the prepetition Employee Obligations or continue the Employee Benefit Plans authorized by this Order, whether those checks were presented prior to or after the Petition Date, provided that sufficient funds are available in the applicable accounts to make the payments. The Debtor's banks are hereby prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of any of the Debtor's employees or other party for prepetition Employee Obligations. The Debtor is authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the prepetition Employee Obligations to replace any prepetition checks or fund transfer requests that may

be dishonored or rejected.

5. The Debtor may pay any and all Employment and Withholding Taxes and other types of withholding, whether these relate to the period prior to the Petition Date or subsequent thereto, subject to the limitations contained in section 507(a) of the Bankruptcy Code.

6. Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtor pursuant to the relief) shall: (a) be construed as a request for authority to assume any executory contract under 11 U.S.C. § 365; (b) waive, affect or impair any of the Debtor's rights, claims or defenses, including, but not limited to, those arising from section 365 of the Bankruptcy Code, other applicable law or any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

7. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

8. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Enter:

United States Bankruptcy Judge

Dated: 10/21/15

**Prepared by:**
David Gold
Perkins Coie LLP
131 South Dearborn Street Suite 1700
Chicago, IL 60603

Rev: 20130104_bko