UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>LB Steel, LLC<br><br><br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:  15-35358<br><br>Chapter: 11<br>Honorable Janet S. Baer |

**ORDER PURSUANT TO 11 U.S.C. §§ 345 AND 363 (A) AUTHORIZING CONTINUED USE AND MAINTENANCE OF EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (B) EXCUSING COMPLIANCE WITH INVESTMENT AND DEPOSIT REQUIREMENTS**

Upon the motion (the "Motion") of the above-captioned debtor (the "Debtor"), for entry of an order pursuant to 11 U.S.C. §§ 345 and 363 (a) authorizing the Debtor's continued use and maintenance of its existing bank accounts and business forms, and (b) waiving investment and deposit requirements; the Court having reviewed the Motion; and the Debtor having represented that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the hearing on the Motion was sufficient under the present circumstances and that no other or further notice need be given, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as outlined herein.

2. Pursuant to section 363 of the Bankruptcy Code, the Debtor is authorized to (a) designate, maintain and continue to use, with the same numbers, the Bank Accounts in existence on the Petition Date at MB Financial Bank, N.A. and Capital City Bank (together, the "Banks"), (b) treat the Bank Accounts for all purposes as accounts of the Debtor as debtor-in-possession, and (c) if necessary, open new accounts, whenever they are needed, regardless of whether such banks are designated depositories in the Northern District of Illinois, and close existing accounts.

3. The Banks are authorized and directed to continue to service and administer the Bank Accounts as accounts of the Debtor as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process and honor and pay any and all checks, drafts, wires or automated clearing house transfers ("ACH Transfers") drawn on the Bank Accounts on or after the Petition Date by the holders or makers thereof, as the case may be, provided, however, that any check, draft, wire or ACH Transfer drawn or issued by the Debtor before the Petition Date shall only be honored by the Banks pursuant to an order of this Court authorizing payment of certain prepetition claims.

4. The Banks are authorized and directed to accept and honor all representations from the Debtor as to which checks, drafts, wires or ACH Transfers should be honored or dishonored consistent with the orders of this Court.

5. Any final payment made by the Banks prior to the Petition Date against any of the Bank Accounts, or any instrument issued by the Banks on behalf of the Debtor, pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid prepetition.

6. Except for those checks, drafts, wires or ACH Transfers that must be honored and paid in order to comply with any order(s) of this Court authorizing payment of certain prepetition claims, no checks, drafts, wires or ACH Transfers issued on the Bank Accounts prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid.

7. The Banks are prohibited from offsetting, freezing or otherwise impeding the use or transfer of, or access to, any funds deposited by the Debtor in the Bank Accounts before or after the Petition Date on account of or by reason of any claim (as defined in section 101(5) of the Bankruptcy Code) of the Banks against the Debtor that arose before the Petition Date, and any checks issued by the Debtor on the Bank Accounts subsequent to the Petition Date shall be timely honored by the Banks notwithstanding any such claim they may hold against the Debtor, provided, however, that nothing herein shall prejudice the Banks' right or ability to seek relief from the automatic stay to accomplish any of the foregoing.

8. The Debtor is authorized to continue to use its existing checks, correspondence and other business forms (including letterheads, purchase orders and invoices), which checks, correspondence and other business forms shall not be required to include the legend "Debtor in Possession" or a "debtor in possession number."

9. Nothing contained in this order shall prevent the Debtor from opening additional bank accounts or closing existing Bank Accounts, as necessary and appropriate, and the Banks are authorized to honor the Debtor's requests to open or close, as the case may be, such Bank Accounts or additional bank accounts, provided, however, that any new account shall be with a bank that is insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation, that is organized under the laws of the United States or any State therein and that is on the Office of the United States Trustee's list of authorized depositories. The Debtor shall promptly disclose any new bank accounts opened post-petition to the Office of the United States Trustee and such accounts shall be disclosed on the Debtor's monthly operating reports.

10. Any and all accounts opened by the Debtor on or after the Petition Date at any bank shall, for all purposes under this Order, be deemed one of the Bank Accounts (as if it had been opened prior to the Petition Date), and any and all banks at which such accounts are opened shall similarly be subject to the rights and obligations of this Order.

11. The Debtor and the Banks are hereby authorized and directed to continue to perform pursuant to the terms of any prepetition agreements governing the Bank Accounts that may exist between them, except and to the extent otherwise directed by the terms of this Order or any other order of the Court. The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of this Order, any other order of the Court or by operation of the Bankruptcy Code.

12. Cause exists for excusing compliance with the investment and deposit requirements set forth in 11 U.S.C. § 345(b) and the Debtor's obligation to comply with that section is hereby excused. All banks and other financial institutions are authorized to hold or invest funds, at the Debtor's discretion, without complying with section 345(b) of the Bankruptcy Code.

13. Nothing contained in this Order shall be construed as authority to pay any prepetition obligations.

14. As promptly as possible, but in no event later than three business days after entry of this Order,

the Debtor shall serve a copy of this Order on the Banks.

15. Notwithstanding the possible applicability of Rules 6004(g), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Enter:

_____
United States Bankruptcy Judge

Dated: 10/21/15

**Prepared by:**
David Gold
Perkins Coie LLP
131 South Dearborn Street Suite 1700
Chicago, IL 60603

Rev: 20130104_bko