UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 15-35358 |
| LB Steel, LLC | ) | |
| | ) | Chapter: 11 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| Debtor(s) | ) | |

## INTERIM ORDER AUTHORIZING DEBTOR TO USE
## CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Upon the motion (the "Motion") of the above-captioned debtor (the "Debtor"), pursuant to sections 361 and 363 of the Bankruptcy Code, for the entry of an order authorizing the Debtor's use of cash collateral of MB Financial Bank, N.A. (the "Lender") and providing adequate protection to the Lender; the Debtor having represented that the interim relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the hearing on the Motion was sufficient under the present circumstances and that no other or further notice of the hearing on the Motion need be given; therefore, it is hereby

ORDERED THAT:

1. Jurisdiction. This Court has core jurisdiction over this bankruptcy case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Objections. Any objection to the entry of this Interim Order have been resolved or are overruled.

3. Use of Cash Collateral. Debtor is hereby authorized to use the Lender's cash collateral, including, but not limited to, any cash collateral (the "Cash Collateral"), pursuant to sections 361 and 363 of the Bankruptcy Code only to pay expenses of the Debtor's business, including, its employees, postpetition vendors, insurance, and taxes (including all payroll taxes), as specifically enumerated in the budget attached hereto as Exhibit 1 (the "Budget"). The Debtor's use of Cash Collateral is authorized only through October 30, 2015, and may not be extended other than on the express written consent of the Lender or order of the Court, other than as may be expressly provided herein.

4. Adequate Protection. As partial adequate protection for the use of cash collateral during the period covered by this Interim Order, the Debtor shall continue operating its business and using Cash Collateral to pay operating expenses of its business as set forth in the Budget.

5. Additional Adequate Protection. To the extent there is any diminution of value, the Lender is hereby granted valid, binding, enforceable, and duly perfected security interests in and liens in the Debtor's post-petition assets (with such replacement liens having the same validity, extent and priority as the Lender's prepetition liens and security interests immediately preceding the Petition Date) upon all of the currently owned or hereafter acquired property and assets of the Debtor of any kind or nature, whether real or personal, tangible or intangible, wherever located, now owned or hereafter acquired or arising, and all proceeds, products, rents, and profits thereof (the "Adequate Protection Liens"),

provided, however, that the Lender shall not be granted a lien on or against the Debtor's chapter 5 causes of action. Except as expressly set forth in this Interim Order, the Adequate Protection Liens granted herein shall not be subject to any liens which are avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code.

6. Termination of Use of Cash Collateral. Notwithstanding anything to the contrary contained herein, the Debtor's right to use the Cash Collateral shall expire on the earliest to occur of: (a) October 30, 2015; (b) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this Interim Order; (c) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code; or (d) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor (the first such occurrence being hereinafter referred to as the "Termination Event"). On and after the Termination Event, the Debtor shall immediately cease using any of the Cash Collateral; provided, however, that the Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral.

7. Budget. The Budget attached to this order is hereby approved and the Debtor is allowed to exceed any included expenses set forth in the Budget up to 10%; provided, however, that the Debtor's total cash disbursement shall not exceed the total cash disbursements identified in the Budget. The Debtor and the Lender may mutually agree to amend the Budget at any time upon notice to the Court and all creditors.

8. Inspection and Reporting. The Debtor shall permit the Lender to inspect the Debtor's inventory and any other assets of the Debtor upon reasonable notice. The Debtor shall permit the Lender to inspect the Debtor's books and records upon reasonable notice. The Debtor shall provide the Lender with a weekly report comparing the actual receipts and disbursements to those set forth on the Budget by the Tuesday of the following week. The Debtor shall provide the Lender with a Borrowing Base Certificate dated as of the end of each week by the Tuesday of the following week.

9. Effectiveness. This Interim Order shall take effect immediately upon its entry.

10. Notice. Within three business days of the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order by first-class mail upon: (a) the United States Trustee; (b) the Lender; (d) all known and/or purported secured creditors of the Debtor; (e) the Debtor's 20 largest unsecured creditors; and (f) any party who filed a request for notices in this chapter 11 case pursuant to Bankruptcy Rule 2002 as of the date of this Interim Order.

11. Continued Interim Hearing. A continued interim hearing on the Debtor's request to use the Lender's Cash Collateral shall be held on October 27, 2015 at 10:30 a.m.

Enter:

United States Bankruptcy Judge

Dated: 10/21/15

**Prepared by:**
David Gold
Perkins Coie LLP
131 South Dearborn Street Suite 1700
Chicago, IL 60603

Rev: 20130104_bko

# EXHIBIT 1

Case 15-35358    Doc 35    Filed 10/21/15    Entered 10/21/15 16:40:34    Desc Main
Document    Page 3 of 5

**LB Steel, LLC**
**Cash Budget to October 30, 2015**
*(Amounts in Thousands of Dollars)*

|  | October 10/23 Wk1 | October 10/30 Wk2 | Total Wks 1-2 |
|---|---|---|---|
| **Cash, Bank** | 236 | 255 | 236 |
| **Cash Receipts** | 1,000 | 800 | 1,800 |
| **Variable Costs** | | | |
| Total Raw Materials | 325 | 300 | 625 |
| Total Utilities | | | |
| Total Variable Costs | 325 | 300 | 625 |
| **Fixed and Semi Fixed Costs** | | | |
| Total Plant Operations | 65 | 65 | 130 |
| G&A Office Exp | 25 | 25 | 50 |
| Total Payroll and Benefits | 566 | 412 | 978 |
| Total Fixed and Semi Fixed Costs | 656 | 502 | 1,158 |
| **Property Taxes** | | | |
| **Restructuring Fees** | | | |
| **Professional Fees** | | | |
| **Loan & Interest Payments** | | | |
| Total Disbursements | 981 | 802 | 1,783 |
| **Net Cash Activity** | 19 | (2) | 17 |
| LOC-Borrow/(Paydown) | | | |
| **Ending Cash Balance** | 255 | 253 | 253 |

Case 15-35358    Doc 35    Filed 10/21/15    Entered 10/21/15 16:40:34    Desc Main
Document    Page 4 of 5

**LB Steel, LLC**
**Cash Budget to October 30, 2015**
*(Amounts in Thousands of Dollars)*

|  | October 10/23 Wk1 | October 10/30 Wk2 | Total Wks 1-2 |
|---|---|---|---|
| **Cash, Bank** | 236 | 255 | 236 |
| **Cash Receipts** | 1,000 | 800 | 1,800 |
| **Variable Costs** | | | |
| Raw Materials | | | |
|   Steel & raw material | 190 | 165 | 355 |
|   Purchased parts/Outside Processing | 60 | 60 | 120 |
|   Production Oxygen/Welding Supplies | 50 | 50 | 100 |
|   Paint Supplies | 25 | 25 | 50 |
| Total Raw Materials | 325 | 300 | 625 |
| Utilities | | | |
|   Electricity | | | |
|   Natural Gas | | | |
|   City Water/Sewer | | | |
| Total Utilities | | | |
|   Total Variable Costs | 325 | 300 | 625 |
| **Fixed and Semi Fixed Costs** | | | |
| Plant Operations | | | |
|   Freight, out | 15 | 15 | 30 |
|   Consumables, R&M, etc | 50 | 50 | 100 |
|   Rent | | | |
| Total Plant Operations | 65 | 65 | 130 |
| G&A Office Exp | 25 | 25 | 50 |
| Payroll & Benefits | | | |
|   Harvey Payroll & Taxes | 160 | 320 | 480 |
|   Topeka Payroll & Taxes | 50 | 50 | 100 |
|   Warren Payroll & Taxes | 14 | 14 | 28 |
|   Health/Dental/Benefits | 176 | 28 | 204 |
|   Workers Compensation Premium | 126 | | 126 |
|   Insurance Other | 40 | | 40 |
| Total Payroll and Benefits | 566 | 412 | 978 |
|   Total Fixed and Semi Fixed Costs | 656 | 502 | 1,158 |
| **Property Taxes** | | | |
| **Restructuring Fees** | | | |
| **Professional Fees** | | | |
| **Loan & Interest Payments** | | | |
|   Total Disbursements | 981 | 802 | 1,783 |
| **Net Cash Activity** | 19 | (2) | 17 |
| LOC-Borrow/(Paydown) | | | |
| **Ending Cash Balance** | 255 | 253 | 253 |