IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LB STEEL, LLC, | ) | Case No.: 15-35358 |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |
| | ) | |
| | ) | **Hearing Date: October 28, 2015** |
| | ) | **Hearing Time 9:30 a.m.** |

## NOTICE OF MOTION

To:     See attached Service List

    PLEASE TAKE NOTICE that on October 28, 2015 at 9:30 a.m. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Janet S. Baer, Courtroom 615, United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois, or any other judge sitting in her stead, and shall then and there present the attached **MOTION OF WALSH CONSTRUCTION COMPANY TO MODIFY STAY TO ALLOW WITHDRAWAL OF FUNDS ON DEPOSIT WITH THE CIRCUIT COURT OF COOK COUNTY AND FOR OTHER RELIEF**, a copy of which is attached hereto and hereby served upon you.

                                                Respectfully Submitted,

                                                **WALSH CONSTRUCTION COMPANY**

                                                By:/s/ Michael K. Desmond
                                                    One of Its Attorneys

James R. Figliulo (#6183947)
Michael K. Desmond (#6208809)
William G. Cross (#6299574)
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
312-251-5287

## **CERTIFICATE OF SERVICE**

The undersigned attorney states that on October 23, 2015 copy of the attached:

**MOTION OF WALSH CONSTRUCTION COMPANY TO MODIFY STAY TO ALLOW WITHDRAWAL OF FUNDS ON DEPOSIT WITH THE CIRCUIT COURT OF COOK COUNTY AND FOR OTHER RELIEF**

will be served on all counsel listed below in accordance with the General Order on Electronic Case Filing and subject to the provisions of Fed. R. Civ. P. 5(b)(3), the Notice of Electronic Filing that is issued through the court's Electronic Case Filing System will constitute service under Fed. R. Civ. P. 5(b)(2)(D) and Fed. R. Crim. P. 49(b) as to all Filing Users in a case assigned to the court's Electronic Case Filing System.  All manually served parties and the List of Creditors attached will be served by depositing a copy of same in the U.S. Mail at 10 S. LaSalle St., Chicago, IL 60603 on October 23, 2015, before the hour of 5:00 p.m., proper postage prepaid by the undersigned.

/s/ Michael K. Desmond

**SERVICE LIST**    **Electronic Mail Notice List**

- David A Agay    dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;mgupta@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com
- Barry A Chatz    bachatz@arnstein.com, jbmedziak@arnstein.com
- William Cross    wcross@fslegal.com
- Michael K Desmond    mdesmond@fslegal.com, dorisbay@fslegal.com
- Joshua A Gadharf    jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com
- David J. Gold    dgold@perkinscoie.com, jmatamoros@perkinscoie.com,ecf-f3d8ba2b0968@ecf.pacerpro.com
- David A. Golin    dagolin@arnstein.com, mgonzalez@arnstein.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Kevin H Morse    khmorse@arnstein.com
- Samuel C. Wisotzkey    swisotzkey@kmksc.com, kmksc@kmksc.com
- Daniel A Zazove    docketchi@perkinscoie.com

## **Manual Notice List**

David J. Gold
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603
dgold@perkinscoie.com;jmatamoros@perkinscoie.com;ecf-3ac9070a3959@ecf.pacerpro.com

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| | | |
|---|---|---|
| Walsh Construction<br>Attn:  Timothy Gerken<br>929 W. Adams St.<br>Chicago, IL 60607 | Evraz Claymont Steel<br>Attn:  Jim Torongo<br>200 E. Randolph St.<br>Chicago, IL 60601 | ThyssenKrupp Materials NA<br>Attn:  Ronald J. Vilag<br>22355 W. 11 Mile Rd.<br>Southfield, MI 48033 |
| SSAB<br>Attn:  Philip Caldwell<br>801 Warrenville Rd.<br>Lisle, IL 60532 | Conway & Morowiec<br>Attn:  Mercedes Gallardo<br>20 S. Clark St., Suite 1000<br>Chicago, IL 60603 | Janco Steel<br>Attn: Terrie Demelo<br>925 Arvin Ave.<br>Stoney Creek<br>Ontario Canada L8E5N9 |
| Blue Cross Blue Shield of IL<br>Attn:  Cindy Bierovic<br>1020 W. 31st St., Suite 600<br>Downers Grove, IL 60515 | Kamm Insurance Group<br>Attn:  Jennifer Brooks<br>300 S. Wacker Dr., Suite 1000<br>Chicago, IL 60606 | Steel Canada Recycling Ltd.<br>Attn: Shafiq Rajwany<br>355 Traders Blvd. East<br>Mississauga<br>Ontario Canada L4Z2E5 |
| Welding Industrial Supply<br>Attn: Rick Roschek<br>2200 N. Western Ave.<br>Chicago, IL 60647 | Russel Metals<br>Attn: Sam Ledonne<br>185 Barton Street East<br>Stoney Creek<br>Ontario  Canada L8E2K3 | U.S. Steel Div. of USX Corp.<br>Attn.:  Robert T. Lewis<br>600 Grant St., #450<br>Pittsburgh, PA 15219 |
| Danico Construction Inc.<br>Attn: Jim Sampagnaro<br>29724 Ashland Ave.<br>Beecher, IL 60401 | Nucor Steel – Hertford<br>Attn:  Amy Poston<br>1505 River Rd.<br>Cofield, NC 27922 | Norfolk Iron & Metal<br>Attn: Jordan Buettner<br>3001 N. Victory Rd.<br>Norfolk, NE 68702 |
| Joseph T. Ryerson & Son Inc.<br>Attn: Kevin Rush<br>1050 Warrenville Rd.<br>Lisle, IL 60532 | Olympic Steel<br>Attn: Cathy Schey<br>1901 Mitchell Blvd.<br>Schaumburg, IL 60193 | PSC Metals Inc.<br>Attn:  Steve Minnier<br>4250 E. 68th St.<br>Cleveland, OH 44105 |
| Alro Steel Corporation<br>Attn:  Randy Halsey<br>777 Industrial Dr.<br>University Park, IL 60466 | Praxair Distribution Inc.<br>Headquarters<br>39 Old Ridgebury Rd.<br>Danbury, CT 06810 | |

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LB STEEL, LLC, | ) | Case No.: 15-35358 |
| | ) | |
| Debtor. | ) | Judge Janet S. Baer |
| | ) | |
| | ) | **Hearing Date: October 28, 2015** |
| | ) | **Hearing Time 9:30 a.m.** |

**MOTION OF WALSH CONSTRUCTION COMPANY TO MODIFY STAY TO ALLOW
WITHDRAWAL OF FUNDS ON DEPOSIT WITH THE
<u>CIRCUIT COURT OF COOK COUNTY AND FOR OTHER RELIEF</u>**

Walsh Construction Company ("Walsh"), by and through its attorneys, moves this Court pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001, for relief from the automatic stay in the Chapter 11 case of LB Steel, LLC ("Debtor"), to allow Walsh to withdraw funds deposited with the Circuit Court of Cook County, Illinois, which the Clerk of the Court was ordered to release to Walsh pursuant to a judgment order entered on October 14, 2015, in a state court proceeding pending under the caption *Walsh Construction Company v. LB Steel, LLC et al., Case No. 2007 L 3886*. In addition, Walsh seeks to modify the stay to allow it to liquidate its claim for attorneys' fees and costs as provided for in the Judgment Order. In support thereof, Walsh states as follows:

**<u>INTRODUCTION</u>**

1. On October 18, 2015, the Debtor filed a voluntary petition ("Petition") for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C §§ 101, *et. seq*. ("Bankruptcy Code"). The Debtor has remained in possession and control of its assets and continues to operate its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

1

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A), (G) and (O).

3. Walsh is a judgment creditor of the Debtor by virtue of a judgment entered by the Circuit Court of Cook County on October 14, 2015, in the amount of $19,187,304.00. Walsh is by far the largest creditor of this estate, according to the Debtor's Petition. [*Dkt No*. 1 at p. 5].

## **PRE-PETITION LITIGATION**

4. The Debtor is a Delaware corporation engaged in the business of distributing non-prime steel plate and steel parts for the construction, agricultural, mining and power generation industries. The Debtor is headquartered in Harvey, Illinois.

5. In or about January 2003, Walsh was awarded the contract with the City of Chicago ("City") to serve as the general contractor for the expansion of the interior floors at Terminals 2 and 3 of the O'Hare International Airport and the installation of a canopy ("Canopy") consisting of 35 steel columns supporting a pair of cantilevered steel wings which extend over the terminal and the upper-level roadway, respectively ("the Project").

6. Walsh entered into a subcontract with Carlo Steel Corporation ("Carlo"), whereby Carlo agreed to provide the steel materials and perform the fabrication and erection of the steel for the Canopy on the Project.

7. Carlo entered into a sub-subcontract agreement with the Debtor whereby the Debtor agreed to perform the welding and other fabrication of the steel for the Canopy on the Project ("LB Steel Subcontract").

8. In or about December 2004, the City identified various defects in the Canopy and curtain wall on the Project. Thereafter, disputes arose between the City, Walsh, Carlo and

2

the Debtor regarding the Project, including defective steel welds performed by the Debtor under the LB Steel Subcontract.

9. In 2005, the Debtor filed suit against Carlo, Walsh and the City seeking to recover amounts allegedly due under the LB Steel Subcontract and to foreclose on its alleged mechanics lien claim on public funds. The case was filed in the Circuit Court of Cook County under the caption *LB Steel, LLC et al., v. Carlo Streel Corporation, et al., Case No. 05 CH 02675* ("Mechanics Lien Litigation").

10. In or about January 2007, Walsh and Carlo entered into an Assignment Agreement wherein Carlo assigned to Walsh its rights, but not obligations, under certain of its subcontracts, including the LB Steel Subcontract, together with any and all claims that Carlo had or may have against its subcontractors and the City under the assigned subcontracts.

11. In April 2007, the City filed suit against Walsh over the alleged construction defects on the Project. Thereafter, Walsh filed third-party claims against the Debtor and Cal Testing, Inc. ("Cal Testing"). The cases were filed under the caption *The City of Chicago (Plaintiff) v. Murphy/Jahn, Inc., et al. (Defendants)* and *Walsh Construction Company (Third-Party Plaintiff) v. LB Steel, LLC, et al. (Third-Party Defendants)*, Case No. 07-L-003886 ("Walsh Litigation"). Thereafter, the Mechanics Lien Litigation and the Walsh Litigation were consolidated before the Honorable John C. Griffin.

12. In or about January 2013, the City and Walsh settled the City's claim against Walsh under the general contract. Following this settlement, Walsh continued to pursue its claims directly against LB Steel. In June of 2013, Walsh and the City sought to have the balance of funds due to Walsh under its general contract with the City in the amount of $1,554,654.00

3

("City Funds") deposited with the Clerk of the Court in exchange for the dismissal of all claims against the City by Walsh and LB Steel.

13. On November 13, 2013, the Circuit Court entered an Order directing the City to deposit the sum of $1,554,654.00 with the Clerk of the Circuit Court of Cook County, to be disbursed only on further order of Court ("City Deposit Order"). A true and correct copy of the City Deposit Order is attached hereto as Exhibit 1.

14. On or about April 4, 2013, Cal Testing filed a counterclaim for Interpleader in the Walsh Litigation requesting that the Court accept a deposit of funds in the amount of $1,812,696.00 in exchange for Cal Testing's dismissal from the case ("Cal Testing Funds"). The Cal Testing Funds represent the policy limits remaining under Cal Testing's applicable liability insurance policy.

15. On May 13, 2013, the Circuit Court of Cook County entered an Order accepting jurisdiction over the interpleader action filed by Cal Testing, and directed Cal Testing to deposit the sum of $1,812,696.00 with the Clerk of the Circuit Court of Cook County, in exchange for the dismissal of Cal Testing with prejudice ("Cal Testing Deposit Order"). A true and correct copy of the Cal Testing Deposit Order is attached hereto as Exhibit 2.

16. Both Walsh and the Debtor asserted claims to the City Funds and the Cal Testing Funds.

17. Thereafter, the Debtor filed a motion for summary judgment as to the funds deposited with the Clerk by Cal Testing. On October 22, 2013, the Circuit Court entered an Order denying the Debtor's motion for summary judgment with respect to the Cal Testing Funds. A true and correct copy of the October 22, 2013 Order is attached hereto as Exhibit 3.

4

18. On August 24, 2015, a bench trial was commenced in the Circuit Court of Cook County before the Honorable John C. Griffin. Following a six week trial, the Circuit Court entered a Judgment Order on October 14, 2015 that awarded a judgment in favor of Walsh and against the Debtor in the amount of $19,187,304.00 ("Judgment Order"). Additionally, the Judgment Order directed the Clerk of the Circuit Court to release the City Funds and the Cal Testing Funds to Walsh. The Judgment Order contained an express finding that there is no just reason to delay enforcement or appeal pursuant to Illinois Supreme Court Rule 304(a). A true and correct copy of the Judgment Order is attached hereto as Exhibit 4.

19. On October 19, 2015 ("Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

20. On October 19, 2015, the Debtor served a Notice of Suggestion of Bankruptcy on the parties to the Walsh Litigation and the Clerk of the Circuit Court of Cook County, which suggests that the distribution of the funds held by the Clerk of the Court is stayed pursuant to Section 362 of the Bankruptcy Code. See attached Exhibit 5.

## BASIS FOR RELIEF REQUESTED

21. By this motion, Walsh seeks relief from the automatic stay for the limited purposes of allowing it to withdraw the City Funds and the Cal Testing Funds deposited with the Clerk of the Circuit Court of Cook County, Illinois, which the Circuit Court ordered to be released to Walsh pursuant to the Judgment Order dated October 14, 2015.

22. The City Funds and the Cal Testing Funds were awarded to Walsh pursuant to the pre-petition Judgment Order, and are not property of the estate. Nevertheless, Walsh brings this motion out of an abundance of caution. In addition, Walsh seeks to modify the stay to liquidate its claim for attorneys' fees and costs as provided for in the Judgment Order.

5

**I.     Funds On Deposit With Clerk Of The Court Are Not Property Of The Estate.**

23.     Section 541(a) of the Bankruptcy Code defines "property of the estate" broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *Matter of Carousel Int'l Corp.*, 89 F.3d 359, 362 (7th Cir. 1996). However, the scope of "property" under Section 541 is necessarily limited to the property owned by the debtor at the commencement of the bankruptcy. *Matter of Wayco, Inc.,* 947 F.2d 1330, 1333 (7th Cir.1991); "A debtor's interest in a portion of property does not subject the entire property to [Section] 541. Nor does a debtor's claim to property mean that the entire property is part of the bankruptcy estate." *Carousel*, 89 F.3d at 362.  "The bankruptcy estate does not own property solely because the estate has a claim of ownership." *Carousel*, 89 F.3d at 362.  Rather, "[t]he estate's property does not include the thing to which it lays claim until the matter is adjudicated or resolved by the parties.  To hold otherwise would necessarily lump into the bankruptcy estate assets owned by others, but only claimed by the debtor." *Id*.; *see also Price v. Pierce Int'l Inc. v. Spicers Int'l Paper Sales, Inc.*, 50 B.R. 25 (S.D.N.Y. 1985) (interpleader funds are not considered part of the bankruptcy estate prior to a determination of title); *National Co-Op Refinery Assn'n v Rouse*, 60 B.R. 857, 859 (D. Col. 1986) (automatic stay does not apply to interpleader action where estate has no interest).

24.     Although the Debtor may attempt to claim an interest in the City Funds and the Cal Testing Funds, ownership of the funds was adjudicated in Walsh's favor prior to the Petition Date.  In the state court action, both Walsh and the Debtor asserted claims to the City Funds and the Cal Testing Funds which had been deposited with the Clerk of the Circuit Court.  After a six week bench trial, the Circuit Court unequivocally awarded the City Funds and the Cal Testing Funds to Walsh, and directed the Clerk of the Circuit Court to "release the $1,554,654.00

6

deposited by the City of Chicago with the Clerk of the Circuit Court…to Walsh Construction Company" and "to release the $1,812,696.00 deposited by Cal Testing, Inc. d/b/a Calumet Testing Services…to Walsh Construction Company." (Ex. 4, p.3).  As a result, as of the Petition Date, the Debtor had no legal or equitable interest in either the City Funds or the Cal Testing Funds, and the Debtor cannot claim either as property of the estate under Section 541(a) of the Bankruptcy Code.  While Walsh does not believe the automatic stay applies to the funds awarded to Walsh pursuant to the Judgment Order, to the extent the automatic stay does apply, Walsh seeks the entry of an order modifying the stay to allow it to withdraw the City Funds and Cal Testing Funds from the Clerk of the Circuit Court.

## II.     The Rooker-Feldman Doctrine Prohibits Bankruptcy Court From Reviewing The State Court Decision.

25.     The state court Judgment Order awarded the City Funds and the Cal Testing Funds deposited with the Clerk of the Court to Walsh, and clearly and unequivocally ordered the Clerk of the Circuit Court of Cook County to release the funds to Walsh.  The Judgment Order was entered by the state court judge, after hearing six weeks of trial testimony.  As discussed above, the filing of the Debtor's bankruptcy Petition does not convert those funds to property of the estate, nor does it give the Debtor the right to attempt to re-litigate any claims to the City Funds and the Cal Testing Funds in the form of a claim objection or other proceeding before the Bankruptcy Court.

26.     The Rooker–Feldman Doctrine prohibits lower federal courts from reviewing state court decisions.[1]  The doctrine applies to cases filed by state court losers complaining of

---

[1] The *Rooker-Feldman* doctrine is rooted in the two decisions of the Supreme Court of the United States that have given the doctrine its name. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).  The essence of the *Rooker-Feldman* doctrine is that the lower federal courts do not have the authority to review the judgments of the state courts even when a federal question is presented.

injuries caused by state court judgments rendered before the filing of a lower federal court proceeding which invite review and rejection of those judgments. *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011); *See also Taylor v. Fannie Mae*, 374 F.3d 529, 532 (7th Cir. 2004) (a federal court action alleging an injury inextricably intertwined with a state court decision, such that success in the federal court would require overturning the state court decision is barred by the Rooker-Feldman doctrine).

27. Parties seeking review of state court decisions must pursue relief in the state court. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999). Lower federal courts lack jurisdiction to review state court decisions, regardless of what errors a party believes the state court may have committed. *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)

### III. Stay Should Be Modified To Allow Walsh To Liquidate Its Claim For Attorneys' Fees And Costs In State Court.

28. While the State Court expressly found that there was no just reason to delay enforcement or appeal of the Judgment Order pursuant to Illinois Supreme Court Rule 304(a), the Court set a status date for the parties' claims for attorneys' fees and costs. By this motion. Walsh seeks to modify the stay so it can liquidate its claims for attorneys' fees and costs before the state court. Section 362(d) provides that the bankruptcy judge shall grant relief from the stay for "cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause" is not defined under § 362(d) of the Bankruptcy Code and is generally determined on a case-by-case basis. *In re Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). In addition to a lack of adequate protection, a desire to permit a pending action to proceed to completion before another tribunal may also provide cause for relief. *In re Patrick R. Walbran*, 2000 Bankr. LEXIS 1374 at *5 (Bankr. N.D. Ill. Nov. 22, 2000)

8

(court modified stay to allow creditor to proceed with state court action where matter was entirely a question of state law).

29. In determining whether "cause" exists to modify the stay, courts have generally applied a three pronged test including: 1) whether the debtor will be prejudiced by continuation of the civil suit; 2) whether the hardship to the non-debtor party by maintenance of the stay considerably outweighs the hardship to the debtor; and 3) whether the creditor has demonstrated a probability of success on the merits. *Fernstrom*, 938 F.2d at 735. Some courts have rejected the third prong requirement of a merits analysis in a claims liquidation case, finding that requiring the bankruptcy court to conduct a merits analysis defeats the objective of conserving judicial resources and frustrates the effort to resolve stay motions expeditiously. *In re Peterson*, 116 B.R. 247, 250 (D. Colo. 1990) (district court affirmed decision modifying automatic stay to allow action to proceed in state court in order to liquidate claim); *see also In re Harris*, 85 B.R. 858, 860 (Bankr. D. Colo. 1988) (rejecting requirement of merits analysis). Here, all three elements favor a modification of the stay to allow Walsh to liquidate its claim for attorneys' fees and costs in the pending state court proceeding.

**IV.   Modifying The Stay Will Not Result In Prejudice To The Debtor.**

30. Allowing the state court to enter final judgment liquidating Walsh's claim for attorneys' fees and costs will not result in any prejudice to the Debtor. A final determination as to the amount of Walsh's claim against the Debtor will have to be made by the state court or the Bankruptcy Court. The dispute at issue is entirely a question of state law. The parties have spent more than eight (8) years litigating their claims and have incurred significant attorneys' fees and costs. The state court has invested considerable time in this matter and has already entered

9

judgment in favor of Walsh in the amount of $19,187,304.00. The state court is in the best position to liquidate the remainder of Walsh's claims.

31. Requiring Walsh to now liquidate the balance of its claim before this Court would be unnecessarily repetitive, expensive and time-consuming. Regardless of the forum, the Debtor will incur the legal costs of resolving the remaining portion of Walsh's claim. Courts have routinely rejected the notion that the prospect of incurring continuing legal fees provides a basis for denial of a motion to modify stay. *In re Peterson*, 116 B.R. at 250 (prospect of litigation expenses does not justify continuation of stay in malpractice action); *In re Harris*, 85 B.R. at 860 (litigation costs alone do not justify continuation of the stay).

32. Finally, other than seeking to withdraw the City Funds and the Cal Testing Funds deposited with the Clerk of the Circuit Court, Walsh merely seeks to liquidate the balance of its claim in the state court proceeding in order to obtain a judgment on the balance of its claims *vis a vis* the Debtor. The Seventh Circuit has recognized that this type of arrangement results in no prejudice to the debtor. *In re Fernstrom Storage & Van Co.*, 938 F.2d at 736.

**V.   Judicial Efficiency Warrants Modification Of The Automatic Stay.**

33. Judicial economy will be served by modifying the automatic stay to allow the state court to liquidate the remainder of Walsh's claims. This case has been fully litigated in the state court over the last eight (8) years, and the only remaining act for the state court to decide is claims for attorneys' fees and costs. There are also non-debtor defendants, such as Travelers Casualty and Surety Company of America ("Travelers") and Carlo Steel Corporation, who are parties to the state court proceeding. It would be a waste of judicial resources to have the state court enter final judgment with respect to the other non-debtor defendants, and have this Court liquidate the balance of Walsh's claim against the Debtor in a separate proceeding. It would also

10

be unnecessarily repetitive, expensive and time-consuming, and there is a potential risk of inconsistent judgments.

34. In a similar case, the district court affirmed the bankruptcy court's order modifying the stay finding that judicial efficiency would be satisfied by lifting the stay. *In re Quay Corp., Inc.*, 2006 WL 208704 at *2 (N.D. Ill. Jan. 24, 2006) (bankruptcy court modified the stay to allow an almost fully litigated case to proceed to judgment); *see In re Philadelphia Athletic Club, Inc.*, 9 B.R. 280, 282 (Bankr. E.D. Penn. 1981) (court modified stay to allow creditor to liquidate claim to its conclusion, finding that it would be a waste of judicial resources to re-litigate same claim before the bankruptcy court); *In re Betzold*, 316 B.R. 906, 915 (Bankr. N.D. Ill. 2004) (court modified stay to allow arbitration proceeding to continue to liquidate claim against debtor).

## VI. Balancing Of Interests Favors Modification Of The Stay.

35. Walsh has been forced by this Debtor to incur significant legal fees and expenses litigating its claims in the state court proceeding. This Chapter 11 proceeding was filed in an effort to stay enforcement of the state court judgment. The dispute at issue is entirely a question of state law, and the state court is in the best position to resolve the remaining portion of Walsh's claim. Walsh's claim is the largest claim in this Chapter 11 proceeding, and this claim must be liquidated in its entirety in order for the Chapter 11 case to proceed. It would be in the best interests of all parties to permit the state court to liquidate Walsh's claim for attorneys' fees and costs. The Debtor will incur the legal costs of resolving the remaining portion of Walsh's claim, regardless of the forum. *In re Harris*, 85 B.R. at 860 (litigation costs alone do not justify continuation of the stay).

11

36. Additionally, the other defendants to the state court proceeding, Travelers and Carlo Steel Corporation, are not subject to this Court's jurisdiction. As discussed above, it would also be unnecessarily repetitive, expensive and time-consuming to require Walsh to litigate its claims for attorneys' fees in two separate forums, and there is a potential risk of inconsistent judgments. Based on the above, a balancing of the interests weighs in favor of modifying the stay.

### VII. Walsh Is Likely To Prevail On The Merits.

37. Several courts have rejected the requirement of a merits analysis when resolving similar motions to modify the stay. *In re Harris*, 85 B.R. at 860. Notwithstanding, all that is required under this analysis is a minimal showing that the plaintiff can establish a prima facie case. *See In re Peterson*, 116 B.R. at 249. Here, the state court has already entered a judgment that the Debtor owes Walsh $19,187,304.00, and set a subsequent status hearing on the Parties' claims for attorneys' fees and costs. Walsh's claims for attorneys' fees and costs are purely a question of state law. Given that the state court has already entered judgment in favor of Walsh, Walsh is likely to prevail on the merits.

### CONCLUSION

38. Based on the foregoing, cause exists to modify the automatic stay pursuant to 11 U.S.C. § 362(d)(1), to allow Walsh to withdraw funds deposited with the Circuit Court of Cook County, Illinois, which the Clerk of the Court was ordered to release to Walsh pursuant to a Judgment Order entered on October 14, 2015, and to modify the stay to allow Walsh to liquidate its claim for attorneys' fees and costs as provided for in the Judgment Order.

WHEREFORE, Walsh Construction Company respectfully requests the entry of an order modifying the automatic stay to allow Walsh to withdraw funds deposited with the Circuit Court

of Cook County, Illinois, which the Clerk of the Court was ordered to release to Walsh pursuant to a pre-petition Judgment Order entered on October 14, 2015, and to modify the stay to allow Walsh to liquidate its claim for attorneys' fees and costs as provided for in the Judgment Order and for such other relief as this Court deems just and proper.

Dated:  October 23, 2015                                      Respectfully Submitted,

**WALSH CONSTRUCTION COMPANY,**

By:<u>/s/ Michael K. Desmond</u>
    One of Its Attorneys

James R. Figliulo (#6183947)
Michael K. Desmond (#6208809)
William G. Cross (#6299574)
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
312-251-5287