**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on **November 9, 2015** at **10:00 a.m.**, the undersigned

shall appear before the Honorable Janet S. Baer, or any judge sitting in her stead, in Courtroom

615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street,

Chicago, Illinois, and then and there present *Debtor's Application for Entry of an Order*

*Authorizing the Retention and Employment of Livingstone Partners LLC as Investment Banker*

*for the Debtor as of November 1, 2015*, at which time you may appear.

Dated: November 2, 2015

Respectfully submitted,

**LB STEEL, LLC**,

By: /s/ *Daniel A. Zazove*
PERKINS COIE LLP
Daniel A. Zazove
David J. Gold
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone:  (312) 324-8400
Facsimile:  (312) 324-9400

*Proposed Attorneys for the Debtor*

57419-0002/128123376.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF
LIVINGSTONE PARTNERS LLC AS INVESTMENT BANKER
FOR THE DEBTOR AS OF NOVEMBER 1, 2015**

LB Steel, LLC (the "Debtor"), by its putative counsel, pursuant to 11 U.S.C. §§ 327(a)

and 328(a) and Federal Rules of Bankruptcy Procedure 2014 and 2016, files this application (this

"Application") for the entry of an order authorizing the retention and employment of Livingstone

Partners LLC ("Livingstone") as investment banker for the Debtor effective as of November 1,

2015.  In support of this Application, the Debtor submits the Declaration of Joseph Greenwood, a

Partner of Livingstone (the "Greenwood Declaration"), attached as Exhibit A.  In further support

of this Application, the Debtor respectfully states as follows:

**JURISDICTION**

1.      The Bankruptcy Court exercises jurisdiction over this Application pursuant to 28

U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).  Venue of this case and this Application in this District is proper under 28 U.S.C. §§

1408 and 1409.

2.      The statutory bases for the relief requested by this Application are sections 327

and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 5082-1.

57419-0002/128123376.1

**BACKGROUND**

3.　　On October 18, 2015, the Debtor filed a voluntary petition for relief under chapter

11 of the Bankruptcy Code.  The Debtor's business and history are more fully set forth in the

Declaration of its President, Michael Goich, filed October 19, 2015.

**RELIEF REQUESTED**

4.　　By this Application, the Debtor seeks the entry of an order pursuant to sections

327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016 authorizing the

retention and employment of Livingstone as the Debtor's investment banker to advise the Debtor

concerning potential transactions (the "Transactions") as hereinafter described upon the terms

and conditions contained in Livingstone's engagement letter (the "Engagement Letter"), a copy

of which is attached as Exhibit 1 to the Greenwood Declaration, effective as of November 1,

2015.

**BASIS FOR RELIEF**

A.　**Livingstone's Qualifications**

5.　　Livingstone is an internationally recognized, middle-market investment banking

firm with 90 professionals located across offices in Chicago, London, Dusseldorf, Stockholm,

Madrid and Beijing.  Since 2007, Livingstone has completed over 335 investment banking

transactions.

6.　　Livingstone is a global investment banking firm with expertise in mergers and

acquisitions, capital raising, restructurings and other strategic advisory services.  Livingstone has

substantial expertise in advising troubled companies in numerous situations, including in

connection with asset sales and related issues, and Livingstone is particularly well suited to serve

as the Debtor's investment banker in this Chapter 11 Case.  While at Livingstone and previous

professional services firms, Livingstone's professionals have developed extensive experience in

matters involving complex financial restructurings and its bankers have been involved as

investment banker and/or advisor to a diverse group of debtors, creditors, and bondholders in the

chapter 11 cases of many companies, including, among numerous others, *IPC International*

*Corporation, Robbins Bros. Corporation, Hartmarx Corporation, Renew Energy LLC,*

*Waterworks Holding Corp., Advantage Rent-A-Car Inc., American IronHorse Motorcycles, Inc.,*

*KLCG Property, LLC, Budget Group Inc., Havens Steel Company, Portrait Corporation of*

*America, Inc., Diamond Glass Companies, Inc., Gateway Ethanol, Inc.,* and *UAL Corporation.*

**B.     Services To Be Provided**

7.     The Transactions covered under the terms of engagement include any direct or

indirect sale, exchange, transfer, other disposition or combination of all or a portion of the

Debtor to or with one or more parties, whether accomplished: (i) by a sale of assets, securities or

rights to the Debtor's revenues or income; (ii) by or through the Debtor and/or its security

holders; and (iii) in one transaction or a series or combination of transactions, and shall in each

case include without limitation any merger, tender or exchange offer, joint venture, equity

investment, recapitalization, spin-off, restructuring, consolidation, strategic alliance, business

combination or any other transaction, the effect of which is to change the financial structure,

control or ownership of the Debtor.

8.     Subject to entry of an order granting this Application and consistent with the

terms of the Engagement Letter,[1] Livingstone will provide such investment banking services as

Livingstone and the Debtor deem appropriate, including the following:

        i.        Review and familiarize itself with the business, operations, physical assets

---

[1] The summary set forth herein is qualified in its entirety by the terms of the Engagement Letter, and the terms of the Engagement Letter shall control in the event of a conflict.  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Engagement Letter.

and financial condition of the Debtor, as well as other matters and/or analyses it deems relevant.

ii. Assist the Debtor in the preparation of a comprehensive confidential information package describing the company and in the preparation and negotiation of any confidentiality agreements to be entered into by third parties potentially interested in participating in the Transactions, all of which shall be subject to the approval of the Debtor.

iii. Develop a list of third parties potentially interested in participating in the Transactions with the Debtor that Livingstone believes in good faith to be qualified.

iv. Contact third parties potentially interested in participating in the Transactions on the Debtor's behalf and, as appropriate, arrange for and orchestrate meetings between these parties and the Debtor.

v. Present to the Debtor all proposals from third parties potentially interested in participating in the Transactions and make recommendations as to the Debtor's appropriate negotiating strategy and course of conduct.

vi. Assist in all negotiations and in all document review as reasonably requested and directed by the Debtor.

vii. Provide such other financial advisory and investment banking services as are customary for similar transactions and as may be mutually agreed upon in advance in writing by the parties.

9. The Debtor requires qualified professionals to render these essential professional services. As noted above, Livingstone has substantial expertise in all areas for which it is

proposed to be retained.  Accordingly, the Debtor submits that Livingstone is well qualified and

best suited to perform these services and assist the Debtor in this Chapter 11 case.

10.    The services that Livingstone will provide to the Debtor are necessary to enable

the Debtor to identify the highest and best possible bid for its assets and effectuate a transaction

that is in the best interests of its estate, creditors and parties-in-interest. All of the services that

Livingstone will provide to the Debtor will be undertaken at the request of the Debtor and will be

appropriately directed by the Debtor so as to avoid duplicative efforts among the professionals

retained in this Chapter 11 Case.  Livingstone will also use reasonable efforts to coordinate with

the Debtor's other retained professionals to avoid the unnecessary duplication of services.

**C.    Professional Compensation**

11.    Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, any

Local Rules and further orders of the Bankruptcy Court, and as described in detail in the

Engagement Letter,[2] the Debtor and Livingstone have agreed that Livingstone will be

compensated as follows:

> a.    a fixed monthly retainer fee of $25,000 (the "Monthly Fee");
>
> b.    an Accomplishment Fee calculated based on the total consideration ("Total Consideration") paid or payable to the Debtor or its security holders in connection with, or in anticipation of, the Transactions, including amounts held back by the buyer or placed in escrow, and calculated as follows:
>
>> i.    In the event the Debtor files a motion to approve a stalking horse purchase agreement (the "Stalking Horse Agreement") within 30 days of the date of the Engagement Letter, the Accomplishment Fee shall be:
>>
>>> (a)    1.0% of total consideration up to the Total Consideration contemplated in the Stalking Horse Agreement (the "Stalking Horse Amount"); *plus*

---

[2] The summary of Livingstone's compensation set forth herein is qualified in its entirety by the terms of the Engagement Letter, and the terms of the Engagement Letter shall control in the event of a conflict.

(b)      10.0% of the Total Consideration in excess of the Stalking Horse Amount.

(c)      In the event a portion of the Accomplishment Fee is based on value in excess of 10% of the Stalking Horse Amount, the Monthly Fee paid to Livingstone shall be credited against the Accomplishment Fee.

(d)      The Accomplishment Fee shall not exceed an amount as if the Accomplishment Fee were calculated subject to the subsequent paragraph 11(b)(ii) herein.

ii.      In all other circumstances, the Accomplishment Fee shall be an amount equal to:

(a)      0.0% of the Total Consideration from $0 - $12.0 million; *plus*

(b)      5.0% of the Total Consideration in excess of $12.0 million.

(c)      In the event that a portion of the Accomplishment Fee is based on value in excess of $15.0 million, the Monthly Fees paid to Livingstone shall be credited against the Accomplishment Fee.

c.      a fixed monthly fee of $300 to cover Livingstone's telephone, facsimile, memoranda production costs, duplication, courier, database research, and other similar expenses (the "Fixed Fee").

d.      reimbursement of all of Livingstone's reasonable out-of-pocket expenses, including travel-related expenses, other than those covered by the Fixed Fee, and subject to the Debtor's prior approval of cumulative expenditures in excess of $15,000.

e.      to the extent that Livingstone or any of its employees, officers, affiliates or agents are requested or required to appear as a witness in any action in which the Debtor or any affiliate thereof is a party, the Debtor will reimburse Livingstone for all expenses incurred by it in connection with such person's preparation and appearance as a witness, including, without limitation, the reasonable fees and disbursements of Livingstone's or such person's legal counsel.

12.      The Debtor submits that the terms and conditions of Livingstone' compensation are fair and reasonable compared to compensation generally charged by investment bankers of similar stature for comparable engagements. The Debtor understands that the terms of

57419-0002/128123376.1      6

Livingstone' employment and compensation are consistent with employment and compensation

arrangements typically entered into by Livingstone when providing such financial and

investment banking services.  The Debtor and Livingstone believe that the foregoing

compensation requirements are both reasonable and market-based.

13.     To the best of the Debtor's knowledge, information, and belief, and except to the

extent disclosed in the Greenwood Declaration to the contrary, no promises have been received

by Livingstone as to compensation in connection with this Chapter 11 Case, and Livingstone has

no agreement with any other entity to share any compensation received with any person other

than the principals and employees of Livingstone, pursuant to section 504 of the Bankruptcy

Code.

14.     Additionally, under the terms of the Engagement Letter, the Debtor has agreed to

indemnify and hold Livingstone and other indemnified persons (such persons described in more

detail in paragraph 12 of the Engagement Letter and together with Livingstone, an "Indemnified

Party") harmless against any losses, claims, damages, or liabilities in connection with the

services Livingstone provides to the Debtor related to this Chapter 11 Case, except for any

losses, claims, damages, or liabilities that are finally determined by a court of competent

jurisdiction to have resulted from willful misconduct or gross negligence of an Indemnified Party

(the "Indemnification").

## D.     Livingstone's Disinterestedness

15.     Livingstone has informed the Debtor that, except as may be set forth in the

Greenwood Declaration, Livingstone: (a) has no connection with the Debtor, its creditors, equity

security holders, or other parties in interest, or their respective attorneys and accountants, the

United States Trustee or any person employed in the office of the United States Trustee, in any

matter related to the Debtor and its estate, (b) does not hold any interest adverse to the Debtor's

estate, and (c) believes it is a "disinterested person" as that term is defined in section 101(14) of

the Bankruptcy Code.

16.     Livingstone does not hold a prepetition claim against the Debtor for any services

rendered.

17.     Livingstone will conduct an ongoing review of its files to ensure that no conflicts

or other disqualifying circumstances exist or arise.  If any new material facts or relationships are

discovered or arise, Livingstone will inform the Bankruptcy Court.

**E.     Applicable Authority**

18.     The Debtor seeks approval of Livingstone retention and employment as set forth

in the Engagement Letter pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and

Bankruptcy Rules 2014 and 2016.  Section 327(a) provides that "the trustee, with the court's

approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other

professional persons . . . to represent or assist the trustee in carrying out the trustee's duties under

this title."  11 U.S.C. § 327(a).

19.     Section 328(a) provides, in pertinent part, that:

> The trustee . . . with the court's approval, may employ or authorize the
> employment of a professional person under section 327 . . . of this title . . .
> on any reasonable terms and conditions of employment, including on a
> retainer, on an hourly basis, on a fixed or percentage fee basis, or on a
> contingent fee basis.  Notwithstanding such terms and conditions, the
> court may allow compensation different from the compensation provided
> under such terms and conditions after the conclusion of such employment,
> if such terms and conditions prove to have been improvident in light of
> developments not capable of being anticipated at the time of the fixing of
> such terms and conditions.

11 U.S.C. § 328(a).  Accordingly, the Debtor may retain Livingstone on a fixed or percentage fee

basis such as that contained in the Engagement Letter.

20.     The terms of Livingstone engagement, including its proposed compensation and fee structure, were negotiated in good faith and at arm's length between the Debtor and Livingstone, and the Debtor submits that such terms are reasonable and in the best interests of its estate and creditors, and thus should be approved under section 328(a) of the Bankruptcy Code. The proposed fee structure appropriately reflects the nature and scope of services to be provided by Livingstone, Livingstone's substantial experience with respect to investment banking services, and the fee structures typically utilized by Livingstone and other leading investment bankers, which do not bill their clients on an hourly basis.

21.     Bankruptcy Rule 2016 and Local Rule 5082-1 require retained professionals to submit applications for payment of compensation in chapter 11 cases.  Additionally, Local Rule 5082-1(c) requires professionals to submit detailed time entries that set forth, among other things, the name of the person performing the work, a brief statement of the nature of the work, the time expended on the work in increments of tenths of an hour, the subject matter of the activity, and the fee charged for the work described.  However, Local Rule 5082-1(e) allows professionals to request a waiver of these requirements.

22.     The Debtor submits that the requirements of Local Rule 5082-1 should be tailored to the nature of Livingstone's engagement and its compensation structure.  Livingstone has requested, pursuant to section 328(a) of the Bankruptcy Code, payment of its fees on a fixed-rate and percentage basis, which, as set forth above, is customary in the investment banking industry. It is not the general practice of investment banking firms to keep detailed time records similar to those kept by attorneys.  Livingstone's restructuring professionals, however, can and will keep time records in one-hour increments describing their daily activities and the identity of persons performing such tasks.  Livingstone will supplement this information with a list of the non-

restructuring professionals who assist the restructuring professionals on this matter but who do

not, as a matter of general practice, keep time records.  In addition, Livingstone's professionals

do not maintain their time records on a "project category" basis.  As such, the Debtor requests

appropriate modification of the requirements under Local Rule 5082-1(c).

23.     Notwithstanding the foregoing, Livingstone will file interim and final fee

applications for the allowance of compensation for services rendered and reimbursement of

expenses incurred.  Livingstone will submit time records in a summary format that will set forth

a description of the services rendered by each restructuring professional and the amount of time

spent on each date by each such individual rendering services.  However, consistent with the

practice of financial advisors and investment bankers in other chapter 11 cases whose fee

arrangements are typically not hourly based, Livingstone does not maintain contemporaneous

time records in one-tenth hour increments or provide or conform to a schedule of hourly rates for

its professionals.  Given that the Debtor will be paying Livingstone a fixed monthly fee, the

Debtor believes (a) it is appropriate that Livingstone be permitted to maintain time entries in one

hour increments only and (b) that requiring Livingstone to account for its time in increments

shorter than one hour increments imposes an unnecessary administrative burden on Livingstone.

24.     Additionally, Livingstone will file a fee application with this Court for approval

of any "percentage" fees if and when such fees become payable as set forth in the Engagement

Letter.  Livingstone may combine any request for payment of a "percentage" fee with its interim

or final fee applications.

25.     In addition, the Indemnification was fully negotiated by the Debtor and

Livingstone in good faith and at arm's length.  The Debtor submits that the Indemnification is

reasonable, customary, and in the best interests of the Debtor, its estates and its creditors.  The

Indemnification is necessary if the Debtor is going to retain Livingstone and, as set forth above in more detail, the Debtor believes that it is essential that it be authorized to retain and employ Livingstone as its investment banker in this Chapter 11 Case.

## NOTICE

26.     Notice of this Application will be given to: (a) the Office of the United States Trustee; (b) MB Financial Bank, N.A.; (c) the Official Committee of Unsecured Creditors; and (d) any parties that filed an appearance in this case or otherwise requested notices.  The Debtor submits that such notice is sufficient and reasonable under the circumstances and that no other or further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto: (a) authorizing the Debtor to employ and retain Livingstone as the Debtor's investment banker pursuant to the terms and conditions of the Engagement Letter and effective as of November 1, 2015, and (b) granting the Debtor such other and further relief the Court deems just and proper.

Dated: November 2, 2015                    Respectfully submitted,

                                           **LB STEEL, LLC**,


                                           By: */s/ Daniel A. Zazove*
                                               PERKINS COIE LLP
                                               Daniel A. Zazove
                                               David J. Gold
                                               131 S. Dearborn Street, Suite 1700
                                               Chicago, Illinois 60603-5559
                                               Telephone:  (312) 324-8400
                                               Facsimile:  (312) 324-9400

                                           *Proposed Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

Daniel A. Zazove, an attorney, certifies that on November 2, 2015, he caused the foregoing *Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Livingstone Partners LLC as Investment Banker for the Debtor as of November 1, 2015* to be filed electronically with the Court and served via operation of the Court's electronic filing system to the ECF registered parties listed below, and served as otherwise indicated on the subsequent service list below.

**Via ECF Notification:**

David A Agay on behalf of Interested Party LB Industries, Inc.
dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; mgupta@mcdonaldhopkins.com;
bkfilings@mcdonaldhopkins.com

Jeffrey E Altshul on behalf of Creditors CenterPoint Energy Services, Inc., FirstEnergy Solutions Corp., Creditor Ohio Edison Company, Creditor Westar Energy, Inc.
jaltshul@carlsondash.com, kidstein@carlsondash.com

Kurt M. Carlson on behalf of Creditors CenterPoint Energy Services, Inc., FirstEnergy Solutions Corp., Creditor Ohio Edison Company, Creditor Westar Energy, Inc.
kcarlson@carlsondash.com, knoonan@carlsondash.com; bmurzanski@carlsondash.com

Barry A Chatz on behalf of Creditor MB Financial Bank, N.A.
bachatz@arnstein.com, jbmedziak@arnstein.com

Rosanne Ciambrone on behalf of Creditor Committee The Official Committee of Unsecured Creditors'
rciambrone@duanemorris.com, jkahane@duanemorris.com; rpdarke@duanemorris.com

William Cross on behalf of Creditor Walsh Construction Company
wcross@fslegal.com

Michael K Desmond on behalf of Creditor Walsh Construction Company
mdesmond@fslegal.com, dorisbay@fslegal.com

Joshua A Gadharf on behalf of Interested Party LB Industries, Inc.
jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com

David J. Gold on behalf of Debtor LB Steel, LLC
dgold@perkinscoie.com, jmatamoros@perkinscoie.com, ecf-f3d8ba2b0968@ecf.pacerpro.com

David A. Golin on behalf of Creditor MB Financial Bank, N.A.
dagolin@arnstein.com, mgonzalez@arnstein.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Kevin H Morse on behalf of Creditor MB Financial Bank, N.A.
khmorse@arnstein.com

57419-0002/128123376.1

John S Mrowiec on behalf of Creditor Conway & Mrowiec
jsm@cmcontractors.com

John R Weiss on behalf of Creditor Committee The Official Committee of Unsecured Creditors'
jrweiss@duanemorris.com

Samuel C. Wisotzkey on behalf of Creditor Scot Forge Company
swisotzkey@kmksc.com, kmksc@kmksc.com

**Served as indicated:**

| Name | Party Type | Fax No. or Email | Type of Service |
|------|-----------|------------------|-----------------|
| Office of the U.S. Trustee<br>Attn Kimberly Bacher<br>219 S Dearborn St, Room 873<br>Chicago, IL 60604 | U.S. Trustee | USTPRegion11.es.ecf@usdoj.gov | ECF and Messenger |
| Evraz North America<br>Attn Jim Torongo<br>200 E Randolph<br>Chicago, IL 60601 | Committee Member | Jim.Torongo@evrazna.com | Messenger |
| SSAB Americas<br>Attn John Thompson<br>801 Warrenville Rd, Ste 800<br>Lisle, IL 60532 | Committee Member | 630-810-4608<br>Philip.Caldwell@ssab.com | FedEx |
| Janco Steel<br>Attn Terrie Demelo<br>925 Arvin Ave<br>Stoney Creek<br>Ontario Canada L8E5N9 | Committee Member | 905-643-3585<br>Tdemelo@jancosteel.com | FedEx |
| Welding Industrial Supply<br>Attn Craig Devries<br>2200 N Western Ave<br>Chicago, IL 60647 | Committee Member | 773-384-7273<br>Cdevries@wiscoonline.com | FedEx |
| Russell R. Johnson III<br>Russell R. Johnson III, PLC<br>2258 Wheatlands Dr.<br>Manakin-Sabot, VA  23103 | Rule 2002 - Attorney for CenterPoint Energy, et al. | | U.S. Mail |

*/s/ Daniel A. Zazove*