UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>LB Steel, LLC<br><br>Debtor(s) | BK No.: 15-35358<br><br>Chapter: 11<br>Honorable Janet S. Baer |

ORDER PURSUANT TO 11 U.S.C. § 366
(A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES ON ACCOUNT OF PREPETITION INVOICES AND
(B) DEEMING THE UTILITY COMPANIES ADEQUATELY ASSURED OF PAYMENT

Upon the Motion (the "Motion"), of the above-captioned debtor (the "Debtor") for the entry of an order pursuant to 11 U.S.C. § 366 (a) prohibiting Utility Companies from altering, refusing or discontinuing services on account of prepetition invoices and (b) deeming the Utility Companies adequately assured of payment; the Court having reviewed the Motion; the Debtor having represented that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the hearing on the Motion was sufficient under the present circumstances and that no other or further notice of the hearing on the Motion need be given; therefore, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as outlined herein.

2. The Utility Companies are prohibited from (a) altering, refusing, or discontinuing service to, or discriminating against the Debtor solely on the basis of the commencement of this case or on account of any unpaid invoice for services provided before the Petition Date, and (b) requiring the payment of a deposit or other security in connection with the Utility Companies' continued provision of Utility Services, including but not limited to, the furnishing of electricity, gas, telephone, internet, television, water or any other utility of like kind, to the Debtor.

3. The Utility Companies are adequately assured of payment for post-petition Utility Services under section 366 of the Bankruptcy Code as follows:

(a) within five business days following the date an order is entered granting this Motion, the Debtor will establish a segregated debtor-in-possession bank account at MB Financial Bank, N.A. (the "Utility Services Account") for payment of the Utility Services;

(b) thereafter, the Debtor shall maintain $125,000 in the Utility Services Account, which exceeds the Debtor's average monthly pre-petition costs for the Utility Services;

(c) the Debtor shall timely pay for post-petition Utility Services in the ordinary course of business; and

(d) the Debtor will continue to maintain the Utility Services Account as described above until the Debtor terminates the Utility Services, confirms a plan of reorganization, or the Debtor closes a Court-

approved sale of substantially all of the Debtor's assets pursuant to Section 363 of the Bankruptcy Code.

4. A Utility Company holding a security deposit provided by the Debtor prior to the Petition Date that elects to recover or set off any postpetition amounts owed against such security deposit, (a) such Utility Company's recovery from the security deposit for postpetition amounts shall be in lieu of the Debtor's offer to deposit funds to the Utility Services Account for that Utility Company's Utility Services, (b) the Utility Company shall be deemed to waive its right to any prepayment or any other form of adequate assurance, and (c) the Utility Company shall be deemed adequately assured of payment under section 366 of the Bankruptcy Code.

5. Notwithstanding anything contained in any approved cash collateral budget to the contrary, the Debtor is authorized to establish and maintain the Utilities Services Account at MB Financial Bank, N.A. pursuant to paragraph 3 of this Order.

6. A Utility Company can make a demand for payment of an overdue unpaid post-petition bill 30 days after its due date and the Debtor shall pay the Utility Company within five days after such demand unless the Debtor disputes the bill and seeks the entry of an order from the Court directing that the payment be retained in the Utilities Services Account pending a resolution of the dispute. Any lien of MB Financial Bank, N.A. on the funds in the Utility Services Account shall be subordinate to the Utility Companies' claims for overdue unpaid post-petition bills.

7. The Debtor shall serve this Order upon each of the Utility Companies including, without limitation, Kansas Gas Service, Constellation Energy, Westar Energy, Inc., Topeka Water, Direct Energy, CenterPoint Energy Services, Inc., City of Harvey, Everflow Eastern Partners, Dominion East Ohio, FirstEnergy Solutions Corp., Ohio Edison Company and the City of Warren by first-class mail, postage prepaid, within three business days after the entry of this Order.

8. This Order shall be applicable to all Utility Companies providing Utility Services to the Debtor including, without limitation, the Current Utility Companies.

9. Nothing in this Order or the Motion shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Company as provided by sections 362 and 365 of the Bankruptcy Code or other applicable law and nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code nor shall anything herein be deemed a waiver by the Debtor or any other party of any right with respect to the assumption or rejection of any executory contract.

10. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

11. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Enter:

_/s/ [signature]_
United States Bankruptcy Judge

Dated: 11/9/15

Rev: 20130104_bko

**Prepared by:**

David Gold
Perkins Coie LLP
131 S. Dearborn St., Ste. 1700
Chicago, IL 60603