UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>LB Steel, LLC<br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.:   15-35358<br><br>Chapter:  11<br>Honorable Janet S. Baer |

**ORDER APPROVING PROCEDURES
FOR INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES FOR PROFESSIONALS AND OFFICIAL COMMITTEE MEMBERS**

Upon the motion (the "Motion") of the above-captioned debtor (the "Debtor") for entry of an order (this "Order") authorizing, but not directing, the Debtor to establish procedures for interim compensation and reimbursement of expenses for professionals and members of any official committee appointed in this Chapter 11 Case, all as more fully set forth in the Motion; the Court having reviewed the Motion; the Debtor having represented that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the hearing on the Motion was good and sufficient under the present circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; therefore, it is hereby ORDERED THAT:

1. The Motion is GRANTED as outlined herein.

2. Except as otherwise provided by the Court order, all Professionals and Committee members in this Chapter 11 Case may seek monthly compensation in accordance with the following Compensation Procedures:

a. On or after the 15th day of each month following the month for which compensation is sought, each Professional or Committee member seeking compensation shall serve, by hand or overnight delivery, a monthly statement for payment for services rendered and reimbursement of expenses incurred during the immediately preceding month (a "Monthly Fee Statement") on: (a) LB Steel, 15700 Lathrop Avenue, Harvey, IL 60426, Attn: Pat O'Malley; (b) counsel for the Debtor, Perkins Coie LLP, 131 S. Dearborn St., Chicago, Illinois 60603, Attn: Dan Zazove and David Gold; (c) counsel for MB Financial Bank, N.A., Arnstein & Lehr LLP, 120 S. Riverside Plaza, Suite 1200, Chicago, Illinois 60606, Attn: Barry A. Chatz and David A. Golin; (d) counsel for any Committee; and (e) the United States Trustee, 219 S. Dearborn Street, Suite 873, Chicago, Illinois 60604 (collectively, the "Notice Parties").

b. Because the Compensation Procedures do not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code, Professionals and Committee members are not required to file their Monthly Fee Statements with the Court or provide courtesy copies to the presiding judge's chambers.

c. Each Monthly Fee Statement shall comply with the timekeeping and detail requirements of the Bankruptcy Code, the Bankruptcy Rules, applicable law and the Local Rules of this Court.

    d. Each Professional or Committee member must submit its first Monthly Fee Statement no earlier than November 30, 2015. This initial Monthly Fee Statement will cover the period from the Petition Date through October 31, 2015. Thereafter, the Professionals or Committee members must serve Monthly Fee Statements on the Notice Parties in the manner described above.

    e. Any Notice Party receiving a Monthly Fee Statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written notice of objection (a "Notice of Objection to Fee Statement") (which shall not be filed with the Court) upon the other Notice Parties within seven days of receiving the Monthly Fee Statement (the "Objection Deadline"). The Notice of Objection to Fee Statement shall state the nature of the objection and identify the amount of the fees or costs to which the objection is made. Thereafter, the objecting party and the Professional or Committee member whose statement is objected to shall attempt to reach an agreement regarding the correct payment to be made.

    f. In the absence of any timely objection, the Debtor is authorized to pay 80 percent of the fees and 100 percent of the expenses identified in each Monthly Fee Statement. Any Professional or Committee member who fails to submit a Monthly Fee Statement shall be ineligible to receive further payments of fees and expenses as provided herein until such time as the Monthly Fee Statement is submitted. The failure of any Professional or Committee member to submit a Monthly Fee Statement does not waive that Professional or Committee member's right to compensation or reimbursement for that month.

    g. If the Debtor receives a Notice of Objection to Fee Statement, it shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (f). Any fees incurred in connection with such fee disputes shall not be paid pursuant to a Monthly Fee Statement but may only be sought and paid upon the filing of an Interim Fee Application as set forth in paragraph (j) herein and pursuant to an order of the Court.

    h. If the parties to an objection are able to resolve their fee dispute, the Debtor is authorized to pay, in accordance with paragraph (f) herein, that portion of the Monthly Fee Statement that is no longer subject to an objection.

    i. If the parties are unable to reach a resolution of an objection, the affected Professional or Committee member may request a hearing on such objection, pursuant to the Local Rules for noticing hearings, to occur prior to or at the next scheduled hearing on the affected Professional or Committee member's Interim Fee Application.

    j. Within 30 days following each 120 day period after the Petition Date, or on such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals or Committee-members shall file with the Court, and serve on the Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought by such Professional or Committee member in its Monthly Fee Statements, including any holdbacks, served during the Interim Fee Period. All Interim Fee Applications shall comply with the relevant provisions of the Bankruptcy Code, the Federal Rules and the Local Rules. Any Professional or Committee member that fails to file an Interim Fee Application when due will be ineligible to receive payments of any further monthly or interim fees or expenses under these Compensation Procedures until such time as such Professional or Committee member files the required Interim Fee Application.

k. Following each Interim Fee Period, the Debtor shall schedule for hearing before the Court, upon notice in accordance with Bankruptcy Rule 2002(a)(6), the pending Interim Fee Applications of Professionals and Committee members. The failure of any Notice Party to object to a Monthly Fee Statement shall not be a waiver of any right to object to an Interim Fee Application.

l. The Court may award any Professional or Committee member the remaining 20 percent of its fees that have been held back pursuant to paragraph (g) at each interim or final fee application hearing.

m. The pendency of an Interim Fee Application or an objection to a Monthly Fee Statement shall not disqualify a Professional or Committee member from the future payment of compensation or reimbursement of expenses as set forth above. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures shall bind any party-in-interest or this Court with respect to the final allowance of applications for compensation and reimbursement of Professionals or Committee members.

n. The Debtor shall include all payments to Professionals and Committee members on its monthly operating reports, detailed so as to state the amount paid to each Professional and Committee member.

3. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of any party's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of any party's rights under the Bankruptcy Code or any other applicable law.

4. This order shall not be construed as an authorization to use MB Financial Bank, N.A's cash collateral and any payments authorized to be made pursuant to this Order are subject to and conditioned upon the Debtor's authority to use cash collateral as provided by separate order.

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Enter:

_____
United States Bankruptcy Judge

Dated: 11/10/15

**Prepared by:**
David Gold
Perkins Coie LLP
131 South Dearborn Street Suite 1700
Chicago, IL 60603

Rev: 20130104_bko