UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15 B 35358 |
| LB STEEL, LLC, | ) | |
| Debtor. | ) | The Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing Date: December 16, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

To:   See Service List attached.

PLEASE TAKE NOTICE THAT on December 16, 2015 at 9:30 a.m., or as soon thereafter as such parties may be heard, the undersigned shall appear before the Honorable Judge Janet S. Baer, United States Bankruptcy Judge, Courtroom 615, 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place, and shall then and there present the attached the Motion To Modify Stay, a copy of which is hereby served upon you.

## CERTIFICATE OF SERVICE

I, a non-attorney, on oath, state that I served a copy of this notice and attached document(s) to all parties listed on the CM/ECF System which will automatically send e-mail notification to the parties as reflected and via the delivery methods listed on the service list to those parties not on the list to receive e-mail notices and therefore requiring manual notices, on December 11, 2015.

Subscribed and Sworn to me
this 11th day of December, 2015

Notary Public

Daniel P. Dawson (ARDC #6199728)
Joseph A. Ptasinski (ARDC #6306772)
Nisen & Elliott, LLC
200 W. Adams, Suite 2500
Chicago, Illinois 60606
(312) 346-7800

"OFFICIAL SEAL"
Luz E. Nunez Mendoza
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 08/05/18

# SERVICE LIST

*Via CM/ECF*

- David A Agay on behalf of Interested Party LB Industries, Inc.
    dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com; mgupta@mcdonaldhopkins.com; bkfilings@mcdonaldhopkins.com
- Jeffrey E Altshul on behalf of Creditors CenterPoint Energy Services, Inc., FirstEnergy Solutions Corp., Creditor Ohio Edison Company, Creditor Westar Energy, Inc.
    jaltshul@carlsondash.com, kidstein@carlsondash.com
- Kurt M. Carlson on behalf of Creditors CenterPoint Energy Services, Inc. FirstEnergy Solutions Corp., Creditor Ohio Edison Company, Creditor Westar Energy, Inc.
    kcarlson@carlsondash.com, knoonan@carlsondash.com; bmurzanski@carlsondash.com
- Barry A Chatz on behalf of Creditor MB Financial Bank, N.A.
    bachatz@arnstein.com, jbmedziak@arnstein.com
- William D Cherny on behalf of Creditor Stainless Shapes, Inc.
    bill@chernylaw.com
- Rosanne Ciambrone on behalf of Creditor Committee The Official Committee of Unsecured Creditors'
    rciambrone@duanemorris.com, jkahane@duanemorris.com; rpdarke@duanemorris.com
- William Cross on behalf of Creditor Walsh Construction Company
    wcross@fslegal.com
- Michael K Desmond on behalf of Creditor Walsh Construction Company
    mdesmond@fslegal.com, dorisbay@fslegal.com
- Joshua A Gadharf on behalf of Interested Party LB Industries, Inc.
    jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com
- David J. Gold on behalf of Debtor LB Steel, LLC
    dgold@perkinscoie.com, jmatamors@perkinscoie.com, efc-f3d8ba2b0968@ecf.pacerpro.com
- David A. Golin on behalf of Creditor MB Financial Bank, N.A.
    dagolin@arnstein.com, mgonzalez@arnstein.com
- Emily S. Gottlieb on behalf of Claims/Noticing Agent Garden City Group, LLC
    emily_gottlieb@gardencitygroup.com, paul.kinealy@gardencitygroup.com; PACERTeam@gardencitygroup.com
- Patrick S Layng
    USTPRegion11.ES.ECF@usdoj.gov
- Kevin H Morse on behalf of Creditor MB Financial Bank, N.A.
    khmorse@arnstein.com
- John S Mrowiec on behalf of Creditor Conway & Mrowiec
    jsm@cmcontractors.com
- Matthew A Olins on behalf of Creditor Committee The Official Committee of Unsecured Creditors
    maolins@duanemorris.com

- John R Weiss on behalf of Creditor Committee The Official Committee of Unsecured Creditors
  jrweiss@duanemorris.com
- Keri L Wintle on behalf of Creditor Committee The Official Committee of Unsecured Creditors
  klwintle@duanemorris.com
- Samuel C. Wisotzkey on behalf of Creditor Scot Forge Company
  swisotzkey@kmksc.com, kmksc@kmksc.com
- Stephen A Yokich on behalf of Creditor United Stee, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International
  efile@dbb-law.com, syokich@dbb-law.com
- Daniel A Zazove
  docketchi@perkinscoie.com

*Via Messenger*
Office of the U.S. Trustee
Attn Roman Sukley
219 S Dearborn St, Room 873
Chicago, IL 60604

*Via E-Mail (russj4478@aol.com)*
Russell R. Johnson III
John M. Craig
Russell R. Johnson III, PLC
2258 Wheatlands Dr.
Manakin-Sabot, VA 23103

*Via U.S. First Class Mail*
Kenneth M. Crane
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603

*Via U.S. First Class Mail*
SSAB
Attn: John Thompson
801 Warrenville Road, Suite 800
Lisle, Illinois 60532

2

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15 B 35358 |
| LB STEEL, LLC, | ) | |
| Debtor. | ) | The Honorable Janet S. Baer |
| | ) | |
| | ) | Hearing Date: December 16, 2015 |
| | ) | Hearing Time: 9:30 a.m. |

### DEBTOR'S MOTION TO MODIFY STAY

LB Steel, LLC ("LB Steel" or the "Debtor"), by its undersigned counsel, hereby moves to modify the automatic stay pursuant to 11 U.S.C. §§ 362(d), in order to file a notice of appeal within the time allotted by section 108(b) of the Bankruptcy Code. In support of this motion, the Debtor states as follows:

### Introduction

1. For several years, LB Steel, Walsh Construction Company ("Walsh"), the City of Chicago (the "City"), Calumet Testing ("Cal Testing") and others engaged in litigation in the Circuit Court of Cook County relating to a construction project at O'Hare International Airport (the "Litigation"). On October 14, 2015, an order was entered in the Litigation which included judgments both in favor of, and against, the Debtor. On October 18, 2015, LB Steel filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. A divergence in authority presently exists related to: (a) the amount of time allotted to a debtor-in-possession to file a notice of appeal (as extended by the Bankruptcy Code); and (2) whether a debtor-in-possession is required to seek modification of the stay in order to file a notice of appeal. Out of an abundance of caution, the Debtor now seeks to modify

the stay in order to allow it to file a notice of appeal related to the order entered on October 14, 2015, within the 60 days allotted by section 108(b) of the Bankruptcy Code.

### Background Facts

3.  In January, 2003, Walsh entered into an agreement with the City to act as general contractor for a large construction project at O'Hare International Airport.

4.  In January, 2003, Walsh entered into a subcontract with Carlo Steel Corp. ("Carlo Steel") to construct steel canopies for the project.

5.  On March 12, 2003, Carlo Steel entered into a sub-subcontract with the Debtor to fabricate steel supports for the canopies.

6.  In March, 2003, the Debtor entered into a contract with Cal Testing to provide weld testing services for the steel supports. Neither Walsh nor Carlo Steel was a party or named as a beneficiary to that contract.

### The Litigation

7.  In February 2005, the Debtor sued Carlo Steel, Walsh, the City and others in the Cook County Circuit Court (the "Circuit Court") in Case No. 05 CH 2675 for: (a) their failure to pay $6,523,699 to the Debtor for its unpaid contract balance, owner approved extras and other changed and extra work that the Debtor performed; (b) quantum meruit and unjust enrichment; (c) to recover under the Public Construction Bond Act, 30 ILCS 550/2; and (d) adjudication of the Debtor's $1,554,654 mechanic's lien on the public funds associated with the construction project, which funds consisted of the balance of funds remaining to be paid by the City to Walsh on their contract.

8.  In 2007, the City identified alleged construction defects and sued Walsh for breach of contract in the Circuit Court (Case No. 07 L 3886). Walsh, in turn, sued Carlo Steel

and Carlo Steel brought a third party complaint against the Debtor alleging breach of contract for failure to properly fabricate the steel support columns. Carlo Steel subsequently assigned its claim against the Debtor to Walsh. After several amendments, Walsh ultimately asserted three claims against the Debtor: (a) breach of contract; (b) professional negligence; and (c) fraud.

9. On June 19, 2008, the Debtor sued Cal Testing in the Circuit Court (Case No. 08 L 6675) alleging that Cal Testing breached its contract with the Debtor by failing to identify certain issues with the steel supports. Cases 05 CH 2675 and 08 L 6675 were later consolidated with Case No. 07 L 3886.

10. On February 21, 2013, after Walsh and the City settled the City's claims against Walsh in Case No. 07 L 3886, the Circuit Court entered an agreed order dismissing with prejudice the City's claims against Walsh. In the order, the parties agreed that "all parties [are] to bear their own costs, expenses and attorneys' fees."

11. On March 12, 2013, Walsh filed a second amended complaint against the Debtor and Cal Testing that included counts against Cal Testing for negligence and breach of contract as a third party beneficiary of the Debtor's contract with Cal Testing.

12. On April 4, 2013, Cal Testing filed a counterclaim for impleader. Cal Testing agreed to settle all claims brought against it by the Debtor and Walsh by depositing its remaining insurance policy limit of $1,812,696 in exchange for its dismissal.

13. On May 13, 2013, the Circuit Court granted Cal Testing's impleader and entered an order directing Cal Testing to deposit $1,812,696 with the Clerk (the "Cal Testing Deposit"), holding that "Walsh and LB Steel's claims against Cal Testing are limited to the aforementioned funds."

14. On June 28, 2013, the City and Walsh filed a joint motion to deposit the $1,554,654 in public funds liened by the Debtor with the Clerk.

15. On November 12, 2013, the Circuit Court entered an order directing the City to deposit $1,554,654 with the Clerk (the "City Deposit," and together with the Cal Testing Deposit, the "Deposits"), holding that "LB Steel's lien is released as to the City only and attaches to the deposited funds."

16. On October 14, 2015, the circuit court entered an order which awarded a $27,500,000 judgment in favor of Walsh against the Debtor for breach of contract, a $6,500,000 judgment in favor of the Debtor and against Walsh for breach of contract judgment, a $1,554,654.00 judgment in favor of the Debtor on its lien claim against the City and a $1,812,696 judgment in favor of the Debtor and against Calumet Testing (the "Judgment"). A copy of the Judgment is attached hereto as Exhibit A.

17. On October 18, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date").

## The Relief Requested

18. At the moment, a split of authority exists related to the time allotted for a debtor-in-possession to file a notice of appeal in instances such as this. Under one line of cases (applying section 108(b)(2) of the Bankruptcy Code) the Debtor's time to file a notice of appeal of the Judgment would expire on December 17, 2015.

19. By this motion, the Debtor seeks an order pursuant to section 362(d) of the Bankruptcy Code and Bankruptcy Rule 4001 modifying the automatic stay in order to allow the Debtor to file a notice of appeal of the Judgment on or before December 17, 2015.

## The Law

20.  Section 108(b) of the Bankruptcy Code provides:

> (b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of-
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 60 days after the order for relief.

21.  Section 108(c) of the Bankruptcy Code provides:

> (c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of-
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

## Cases Applying 108(b)

22.  There are cases which have held that debtors are required to file a notice of appeal within 60 days of the order for relief pursuant to section 108(b) of the Bankruptcy Code . See, e.g., Local Union No. 38 Sheet Metal Workers' Int'l Association v. Custom Air Sys., Inc., 333

F.3d 345 (2d Cir. 2003) and Production Credit Ass'n of Minot v. Burk, 427 N.W.2d 108 (N.D. 1998) (holding that debtors were required by section 108(b) to file appeal in state court foreclosure action against them within 60 days of order for relief).

### Cases Applying 108(c)

23. However, there are cases which have held that when the debtor has a deadline for filing an appeal prior to bankruptcy, if the action was originally brought against the debtor, a Trustee (or debtor-in-possession) need not meet the 60 day time limit of section 108(b) since the action would be stayed by section 362 of the Bankruptcy Code. See, e.g., Colliers §108.03[2]; Cathey v. Johns-Manville Sales Corp., 711 F.2d 60 (6th Cir. 1983); Assoc. of St. Croix Condo. Owners v. St. Croix Hotel Corp., 682 F.2d 446 (3d Cir. 1982); In Re Hoffinger Industries, Inc., 329 F.3d 948 (8th Cir. 2003).

### Whether Modification Of The Stay Is Necessary

24. In addition to this split of authority, there are also contradictory opinions on whether a debtor-in-possession is required to seek a modification of the stay in order to file a notice of appeal. For an in depth discussion of this issue, including a review of opposing cases and the "majority" view, see In re Mid-City Parking, Inc., 332 B.R. 798 (Bankr. N.D. Ill. 2005).

### This Case

25. In this case, the Debtor is concerned that Walsh might argue (or a court might find) that the 60 day period prescribed by section 108(b) is applicable to the Litigation and a notice of appeal because: (a) there are cases which apply section 108(b) to notices of appeal; (b) the Litigation was not originally brought against the Debtor (the original case included in the Litigation was an action filed by LB Steel). See, LB Steel, LLC and City of Chicago ex rel LB Steel, LLC v. Walsh Construction Co. of Illinois, No. 05 CH 02675, Circuit Court of Cook

County, Chancery Division); or (c) some other, as of yet unidentified, basis contained in the lengthy ten year record related to the Litigation.[1]

26. Therefore, out of an abundance of caution, the Debtor hereby requests that this Court modify the stay in order to ensure that: (a) the Debtor is allowed to file a timely notice of appeal; and (b) there is no question that the filing of the notice of appeal might violate the automatic stay.

## Conclusion

Wherefore, for all of the foregoing reasons, the Debtor respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto: (a) modifying the stay effective immediately in order to allow the Debtor to file a notice of appeal related to the Judgment; and (b) granting the Debtor such other and further relief the Court deems just and proper.

Dated: December 11, 2015

Respectfully submitted,

LB Steel, LLC,

By:     /s/ Daniel P. Dawson
             One of its attorneys

Daniel P. Dawson (ARDC #6199728)
Joseph A. Ptasinski (ARDC #6306772)
Nisen & Elliott, LLC
200 W. Adams, Suite 2500
Chicago, Illinois 60606
(312) 346-7800

---

[1] Appellate counsel's retention was just authorized and approved on December 9, 2015.