## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

### AMENDED ORDER: (I) APPROVING BIDDING PROCEDURES IN CONNECTION WITH THE SALE OF AL OR SUBSTANTIALLY ALL ASSETS OF THE DEBTOR, (II) SCHEDULING AN AUCTION AND HEARING TO CONSIDER THE SALE OF ASSETS, AND (III) APPROVING THE FORM AND MANNER OF NOTICE OF THE SALE

Upon consideration of the motion (the "Sale Motion")[1] of the above-captioned debtor and

debtor-in-possession (the "Debtor"), pursuant to sections 363, 365, 503 and 507 of the

Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 6004, 6006 and 9014 for entry of

an order (this "Amended Bidding Procedures Order"): (i) approving bidding procedures in

connection with the sale of substantially all assets of the Debtor (the "Purchased Assets"); (ii)

scheduling a hearing to consider the sale of assets; (iii) approving the form and manner of notice

thereof; and (iv) granting related relief; and the Debtor's motion to reschedule the sale (the

"Motion to Reschedule," and together with the Sale Motion, the "Motions"); the Court having

determined that the relief provided herein is in the best interest of the Debtor, its estate, creditors

and other parties in interest; and due and adequate notice of the hearing on the Motions having

been given under the circumstances; and upon the record of the hearing on the Motions, and the

full record of this case; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given in the Sale Motion.

**FOUND AND DETERMINED THAT:**

A.       This Court has jurisdiction over the Motions and the transactions contemplated

therein pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).  Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.       Good and sufficient notice of the hearing on the Motions and the relief sought

therein has been given under the circumstances, and no other or further notice is required except

as set forth herein with respect to the Auction and Sale Hearing.  A reasonable opportunity to

object or be heard regarding the relief provided herein has been afforded to parties-in-interest.

C.       The Debtor's proposed notice of the Amended Bidding Procedures is appropriate

and reasonably calculated to provide all interested parties with timely and proper notice of the

Auction (as defined in the Amended Bidding Procedures), the sale of the Purchased Assets, and

the Amended Bidding Procedures to be employed in connection therewith.

D.       The Debtor has articulated good and sufficient business reasons for this Court to

approve the Amended Bidding Procedures, including: (i) the scheduling of a bid deadline,

auction and sale hearing for the sale of the Purchased Assets; and (ii) the establishment of

procedures to fix the Cure Amounts to be paid under section 365 of the Bankruptcy Code in

connection with the assumption, assignment and/or transfer of the Executory Contracts and

Unexpired Leases.

E.       The Amended Bidding Procedures are reasonably designed to maximize the value

to be achieved for the Purchased Assets.

F.       The entry of this Amended Bidding Procedures Order is in the best interests of the

Debtor, its estates, creditors, and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motions are GRANTED as set forth herein.

2.      All objections to the Motions or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are overruled and denied on the merits.

3.      The Amended Bidding Procedures, in substantially the form attached hereto as Schedule 1, are hereby incorporated herein and approved, and shall apply with respect to the sale of the Purchased Assets. The Debtor is authorized to take all actions necessary or appropriate to implement the Amended Bidding Procedures. Notwithstanding the terms of this order, this order shall not apply to any sale by the Debtor of less than substantially all of its assets outside of the ordinary course of business.

4.      As further described in the Amended Bidding Procedures, the deadline for submitting all bids for the Purchased Assets (the "Bid Deadline") is **February 17, 2016 at 12:00 noon (prevailing Central time).** No bid shall be deemed to be a Qualified Bid (as defined in the Amended Bidding Procedures) or otherwise considered for any purposes unless such bid meets the requirements set forth in the Amended Bidding Procedures. MB Financial Bank, N.A. (the "Secured Lender") is deemed a Qualified Bidder without further action.

5.      The Debtor may sell the Purchased Assets by conducting an Auction in accordance with the Amended Bidding Procedures. If Qualified Bids are timely received by the Debtor in accordance with the Amended Bidding Procedures, the Auction shall take place on **February 22, 2016 at 10:00 a.m. (prevailing Central time)** at the offices of Perkins Coie LLP, 131 S. Dearborn Street, Suite 1700, Chicago, Illinois 60603, or such other place and time as the Debtor shall notify all Qualified Bidders, the Official Committee of Unsecured Creditors (the

"Official Committee"), and other invitees.  If, however, no such Qualified Bid is received by the Bid Deadline, then the Auction will not be held.

6.      Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

7.      The Auction will be conducted openly.

8.      Bidding at the Auction will be transcribed or videotaped.

9.      The Sale Hearing shall be held before this Court on **February 23, 2016 at 10:00 a.m.** or as soon thereafter as counsel and interested parties may be heard.

10.     On or before three (3) business days after entry of this Amended Bidding Procedures Order, or as soon thereafter as such parties can be identified, the Debtor will cause (i) a notice in substantially the form attached hereto as Schedule 2 (the "Amended Notice of Auction and Sale Hearing"); and (ii) a copy of the Amended Bidding Procedures Order to be sent by first-class mail postage prepaid, to the following: (a) the Office of the United States Trustee; (b) counsel for the Official Committee; (c) counsel for MB Financial Bank, N.A.; (d) all taxing authorities and other governmental agencies having jurisdiction over any of the Purchased Assets, including the Internal Revenue Service; (e) all parties that have requested or that are required to receive special notice pursuant to Bankruptcy Rule 2002; (f) all Persons known or reasonably believed to have asserted any lien, claim, encumbrance, right of first refusal, or other Interest in or upon any of the Purchased Assets; (g) the non-debtor parties to the Executory Contracts and Unexpired Leases and any parties who are known to claim interests therein; (h) all Persons known or reasonably believed to have expressed an interest in acquiring some or all of the Purchased Assets; (i) the Attorneys General in the States where the Purchased Assets are located; (j) the United States Environmental Protection Agency; and (k) any applicable state

environmental agency.

11.    On or before three (3) business days after entry of the Amended Bidding

Procedures Order, the Debtor will serve the Amended Notice of Auction and Sale Hearing on all

known creditors of the Debtor.

12.    On or before December 18, 2015, the Debtor shall have served by Federal

Express or hand delivery, a notice of potential assumption, assignment and/or transfer of the

Executory Contracts and Unexpired Leases (substantially in the form previously approved by

this Court the "Notice of Assumption and Assignment") on all non-debtor parties to the

Executory Contracts and Unexpired Leases.  The Notice of Assumption and Assignment shall

identify the calculation of the cure amounts that the Debtor believes must be paid to cure all

prepetition defaults under the Executory Contracts and Unexpired Leases (the "Cure Amounts").

13.    In addition, if the Debtor identifies additional executory contracts or unexpired

leases that might be assumed by the Debtor and assigned to the Successful Bidder not set forth in

the original Notice of Assumption and Assignment, the Debtor shall promptly send a

supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable

counterparties to such additional executory contracts and unexpired leases.

14.    Unless the non-debtor party to an Executory Contract or Unexpired Lease files an

objection (the "Cure Amount/Assignment Objection") to (a) their scheduled Cure Amount and/or

(b) to the proposed assumption, assignment and/or transfer of such Executory Contract or

Unexpired Lease by the later of (i) 4:00 p.m. (prevailing Central time) on January 8, 2016 or (ii)

ten (10) days after service of any supplemental or amended Notice of Assumption and

Assignment (such later date, the "Cure/Assignment Objection Deadline") and serves a copy of

the Cure Amount/Assignment Objection so as to be received no later than the Cure/Assignment

Objection Deadline on the same day by: (i) counsel to the Debtor, Perkins Coie LLP, 131 S.

Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: Dan Zazove and David Gold; (ii)

counsel to MB Financial Bank, N.A., Arnstein & Lehr LLP, 120 South Riverside Plaza, Suite

1200, Chicago, IL 60606, Attn: Barry Chatz and David Golin; (iii) the office of the United States

Trustee (Region 11), 219 S. Dearborn St., Suite 873, Chicago, Illinois 60604, Attn: Kimberly

Bacher; and (iv) counsel to the Official Committee of Unsecured Creditors, Duane Morris LLP,

190 S. LaSalle St., #3700, Chicago, IL 60603, Attn: Rosanne Ciambrone (collectively, the

"Notice Parties"); then such non-debtor party (i) will be forever barred from objecting to the

Cure Amount and from asserting any additional cure or other amounts with respect to such

Executory Contract and Unexpired Lease and the Debtor shall be entitled to rely solely upon the

Cure Amount, and (ii) if the Executory Contract or Unexpired Lease was identified as a

Purchased Asset by the Successful Bidder and/or Back-Up Bidder, will be deemed to have

consented to the assumption, assignment and/or transfer of such Executory Contract and

Unexpired Lease and will be forever barred and estopped from asserting or claiming against the

Debtor, the Successful Bidder and/or the Back-Up Bidder, or any other assignee of the relevant

Executory Contract or Unexpired Lease that any additional amounts are due or defaults exist, or

conditions to assumption, assignment and/or transfer must be satisfied, under such Executory

Contract or Unexpired Lease.  Notwithstanding the foregoing, as provided below, each non-

debtor party shall retain the right to object to the assumption, assignment or transfer of its

Executory Contract and Unexpired Lease, based solely on the issue of whether the Successful

Bidder or Back-Up Bidder can provide adequate assurance of future performance as required by

Section 365 of the Bankruptcy Code.

      15.     If an objection challenges a Cure Amount, the objection must set forth the cure

amount being claimed by the objecting party (the "Claimed Cure Amount") with appropriate

documentation in support thereof.  Upon receipt of a Cure Amount/Assignment Objection, the

Debtor is authorized, but not directed, to resolve any Cure Amount/Assignment Objection by

mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease

without further order of the Court.  In the event that the Debtor and any objecting party are

unable to consensually resolve any Cure Amount/Assignment Objection no later than February

17, 2016, the Court will resolve any such Cure Amount/Assignment Objection at the Sale

Hearing.

16.    The Debtor, the Successful Bidder or the Back-Up Bidder, as the case may be,

may determine to include or exclude any Executory Contract or Unexpired Lease from the list of

Purchased Assets no later than three (3) business days prior to the closing of the Sale, or, if the

Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable

cure amount for such contract is greater than the Cure Amount proposed by the Debtor, no later

than five (5) business days following such hearing.  The non-debtor party or parties to any such

excluded contract or lease will be notified of such exclusion by written, overnight notice after

such determination.

17.    On or before February 18, 2016, the Debtor will serve a notice identifying all

Qualified Bidders to the non-debtor parties to the Executory Contracts and Unexpired Leases

that have been identified in such Qualified Bids and providing contact information for those

Qualified Bidders.  The non-debtor parties to the Executory Contracts and Unexpired Leases

may contact such Qualified Bidders to request information necessary for evaluating the Qualified

Bidders' ability to perform under the relevant Executory Contract or Unexpired Lease.  Such

notice may be provided by electronic mail if a non-debtor party provides the Debtor with an

electronic mail address for such purpose. The non-debtor parties to the Executory Contracts and

Unexpired Leases will have until the Sale Hearing to object to the assumption, assignment and/or

transfer of such Executory Contract or Unexpired Lease solely on the issue of whether the

Successful Bidder can provide adequate assurance of future performance as required by section

365 of the Bankruptcy Code. Any such objections may be made orally at the Sale Hearing.

18.     Objections to the sale of the Purchased Assets, or the relief requested in the

Motions must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c)

be filed with the clerk of the Bankruptcy Court for the Northern District of Illinois, Eastern

Division, 219 S. Dearborn St., Room 713, Chicago, Illinois 60604, before 10:00 a.m. (prevailing

Central time) on February 23, 2016. All objections must state with specificity the nature of such

objection and will be heard by the Court at the Sale Hearing.

19.     The Amended Notice of Auction and Sale Hearing and the Notice of Assumption,

and Assignment to be issued in connection with the proposed sales of the Purchased Assets,

substantially in the forms annexed hereto as <u>Schedule 2</u> and <u>Schedule 3</u>, respectively, are

approved.

20.     The Sale Hearing may be adjourned, from time to time, without further notice to

creditors or other parties in interest other than by announcement of said adjournment before this

Court or on this Court's calendar on the date scheduled for said hearing.

21.     Except as otherwise provided in this Amended Bidding Procedures Order, the

Debtor further reserves the right as it may reasonably determine to be in the best interests of its

estate, subject to conformity with the Amended Bidding Procedures, and in consultation with the

Secured Lender and the Official Committee to: (a) determine which bidders are Qualified

Bidders; (b) determine which bids are Qualified Bids; (c) determine which Qualified Bid is the

highest and best proposal and which is the next highest and best proposal; (d) reject any bid that is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Amended Bidding Procedures or the requirements of the Bankruptcy Code, or (iii) contrary to the best interests of the Debtor and its estate; (e) remove some of the Purchased Assets from the Auction; (f) waive terms and conditions set forth herein with respect to all potential bidders; (g) impose additional terms and conditions with respect to all potential bidders; (h) extend the deadlines set forth herein; (i) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; and (j) modify the Amended Bidding Procedures as the Debtor may determine to be in the best interest of its estate or to withdraw the Motions at any time with or without prejudice.

22.    The stays provided for in Bankruptcy Rules 6004(h) and 6006(d) are waived and the Amended Bidding Procedures Order shall be effective immediately upon its entry.

23.    This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order.

Dated: 1/5/16

UNITED STATES BANKRUPTCY JUDGE

**SCHEDULE 1**

AMENDED BIDDING PROCEDURES

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

## AMENDED BIDDING PROCEDURES

By motion dated November 2, 2015,[1] the above-captioned debtor and debtor-in-possession (the "Debtor") sought approval of, among other things, the procedures through which it will determine the highest or otherwise best price for the sale (collectively, the "Sale") of substantially all of the assets the Debtor (collectively, the "Purchased Assets").

On November 16, 2015, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Court") entered an order (the "Initial Bidding Procedures Order"), which, among other things, authorized the Debtor to determine the highest or otherwise best bid for the Purchased Assets through the process and procedures set forth below (the "Amended Bidding Procedures"). The Debtor reserves the right to modify the Amended Bidding Procedures, in consultation with the Official Committee of Unsecured Creditors (the "Official Committee") and MB Financial Bank, N.A. (the "Secured Lender"), provided that any such modification shall not be inconsistent with the terms of the Motion.

On January 5, 2016, upon the Debtor's request, the Court entered an order (the "Amended Bidding Procedures Order") modifying certain dates in the Initial Bidding Procedures Order.

The Sale will be subject to competitive bidding as set forth herein and approval of the Court pursuant to sections 363 and 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**Assets to be Sold**

The Purchased Assets generally constitute all of the operating assets of LB Steel, LLC, including all real property owned by the Debtor, along with certain real property leases. The Debtor will offer to sell the Purchased Assets, together or separately, to one of more bidders. The Debtor shall consider bids for either all or a significant part of the Purchased Assets.

**Participation Requirements**

In order to participate in the bidding process or otherwise be considered for any purpose hereunder, a person interested in some or all of the Purchased Assets (a "Potential Bidder") must

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

first deliver the following materials to the Debtor and its counsel:

    i.    an executed confidentiality agreement in form and substance satisfactory to the Debtor and its counsel; and

    ii.    For a party to be considered a Potential Bidder, such party must demonstrate to the Debtor a reasonable likelihood of an ability to close on a purchase of the Seller Assets in a timely manner in accordance with the terms of these Amended Bidding Procedures. The Debtor may, in its discretion and in the exercise of its business judgment, require that such parties demonstrate the legitimacy of their interest by, among other things, requiring them to provide proof of access to funds and/or committed capital sufficient to finance the proposed transaction. The Debtor's secured lender shall be deemed a Qualified Bidder upon submission of a credit bid, which shall be deemed a Qualified Bid.

    iii.    The Debtor will promptly advise each Potential Bidder in writing of the Debtor's determination whether or not the Potential Bidder is a Qualified Bidder. Written notice of such decision shall be provided to counsel for the Official Committee and the Secured Lender.

    The Debtor shall provide counsel to the Committee and the Secured Lender with all materials that it received from Qualified Bidders within 24 hours of receipt of the same.

**Bid Requirements**

    The Debtor in consultation with its Secured Lender and the Official Committee shall determine whether a bid qualifies as a "Qualified Bid." To constitute a Qualified Bid, a bid must be a written irrevocable offer from a Qualified Bidder and:

    i.    include a cover letter identifying whether the Qualified Bidder is interested in purchasing some or all of the Purchased Assets. If the Qualified Bidder is submitting a bid only with respect to certain assets, such cover letter must specify which assets the Qualified Bidder is seeking to purchase and whether or not such bid is contingent on purchasing all of the identified assets;

    ii.    state that the Qualified Bidder offers to consummate the sale pursuant a Purchase Agreement substantially in the form of the Purchase Agreement to be provided by the Debtor prior to the Bid Deadline (the "Marked Purchase Agreement"). If any bid is conditioned on the assumption and assignment of executory contracts and/or unexpired leases, then such potential bidder shall be required to provide evidence of its ability to provide adequate assurance of future performance of such contracts or leases along with the bid;

    iii.    be an all-cash bid;

    iv.    contain a list of the Debtor's executory contracts and unexpired leases with respect to which the bidder seeks assignment from the Debtor;

    v.      confirm that the offer shall remain open and irrevocable as provided below;

    vi.     enclose a clean signed copy of the proposed Marked Purchase Agreement and a blacklined copy to the Purchase Agreement proposed by the Debtor;

    vii.    be accompanied by a certified or bank check or wire transfer in an amount equal to the greater of $1,000,000 and five percent (5%) of the proposed purchase price set forth in the bid as a minimum good faith deposit (the "Minimum Deposit"), which Minimum Deposit shall be used to fund a portion of the purchase price provided for in the bid;

    viii.   not be conditioned on obtaining financing or the outcome of any due diligence by the Qualified Bidder; and

    ix.     fully disclose the identity of each entity that will be bidding for the Purchased Assets or otherwise participating in connection with such bid, and the complete terms of any such participation, and what connections, if any, each such entity has with the Debtor or its equity holders.

A bid received from a Qualified Bidder that meets the requirements set forth above which is timely received will be considered a Qualified Bid if the Debtor believes that such bid would be consummated if selected as a Successful Bid (defined below).

After the Bid Deadline (defined below), and in consultation with the Official Committee and the Secured Lender, the Debtor shall determine which Qualified Bid or combination of Qualified Bids represents the then-highest or otherwise best bid for the Purchased Assets (the "Starting Qualified Bid").

Prior to the commencement of the Auction, the Debtor shall distribute copies of the Starting Qualified Bid to each Qualified Bidder.

The Debtor reserves the right to seek Court approval for a stalking horse bidder.

**Bid Deadline**

**The final deadline for submitting all bids on the Purchased Assets by a Potential Bidder shall be February 17, 2016 at 12:00 noon (prevailing Central time) (the "Bid Deadline").**

A Potential Bidder that desires to make a bid must deliver written and electronic copies of its bid so that it is actually received prior to the Bid Deadline by: (i) counsel to the Debtor, Perkins Coie LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: Dan Zazove and David Gold; (ii) the Debtor's investment banker, Livingstone Partners, LLC, 443 North Clark Street, Chicago, Illinois 60654, Attn: Joseph Greenwood; (iii) counsel to MB Financial Bank, N.A., Arnstein & Lehr LLP, 120 South Riverside Plaza, Suite 1200, Chicago, IL 60606, Attn: Barry Chatz and David Golin; (iv) the office of the United States Trustee (Region 11), 219 S. Dearborn St., Suite 873, Chicago, Illinois 60604, Attn: Kimberly Bacher; and (v) counsel for the Official Committee of Unsecured Creditors, Duane Morris LLP, 190 S.

LaSalle St., #3700, Chicago, IL 60603, Attn: Rosanne Ciambrone

After the Bid Deadline, each Qualified Bidder that submits a Qualified Bid will be provided with a copy of any other Qualified Bid(s).

**Obtaining Due Diligence Access**

The Debtor shall afford each Qualified Bidder reasonable due diligence information. Site access shall be provided upon reasonable request to the Debtor at the discretion of the Debtor within its reasonable business judgment. The due diligence period will end on the Bid Deadline.

The Debtor shall not be obligated to furnish any information relating to the Debtor, the Purchased Assets, and/or the Sale to any person except to a Qualified Bidder. The Debtor shall give each Qualified Bidder reasonable access to all written due diligence information provided to another Qualified Bidder.

The Debtor shall coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders. No conditions relating to the completion of due diligence shall be permitted to exist after the Bid Deadline.

**Due Diligence From Potential Bidders**

Each Potential Bidder shall comply with all reasonable requests for additional information by the Debtor or its advisors regarding such Potential Bidder's financial wherewithal to consummate and perform obligations in connection with the Sale. Failure by the Potential Bidder to comply with requests for additional information may be a basis for the Debtor to determine that a bid made by the Potential Bidder is not a Qualified Bid.

**"As Is, Where Is"**

The Sale of the Purchased Assets shall be on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Debtor, its agents or estates, except to the extent set forth in the purchase agreement between the Debtor and the Successful Bidder. All of the Debtor's right, title and interest in and to the Purchased Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options and interests thereon (collectively, the "Interests"), with such Interests to attach to the net proceeds of the Sale of the Purchased Assets, with the same validity and priority as existed immediately prior to such Sale.

Each bidder shall be deemed to acknowledge and represent that it has had an opportunity to inspect and examine the Purchased Assets prior to making its offer, that it has relied solely upon its own independent review, investigation and/or inspection of any documents in making its bid, and that it did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the Purchased Assets or the completeness of any

information provided in connection with the bidding process, in each case except as expressly stated in the Marked Purchase Agreement.

**The Auction**

If more than one Qualified Bid by a Qualified Bidder is received by the Bid Deadline, an auction (the "Auction") with respect to the sale of the Purchased Assets shall take place on **February 22, 2016 at 10:00 a.m. (prevailing Central time)** at the offices of Perkins Coie LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603, or at such other place and time as the Debtor shall notify all Qualified Bidders, the Official Committee of Unsecured Creditors, and other invitees. If, however, no such Qualified Bids are received by the Bid Deadline, then the Auction will not be held.

Auction Rules.

i.  Only Qualified Bidders who have submitted a Qualified Bid and their authorized representatives will be eligible to participate at the Auction. The Secured Lender shall be deemed a Qualified Bidder upon submission of a credit bid, which shall be deemed a Qualified Bid. Only Qualified Bidders who have submitted a Qualified Bid will be permitted to increase their bids at the Auction. The bidding at the Auction shall start at the purchase price stated in the highest or otherwise best Qualified Bid (or combination of Qualified Bids) as disclosed to all Qualified Bidders prior to commencement of the Auction (the "Starting Qualified Bid"), and then continue in minimum increments to be announced at the Auction (the "Overbid Increment"). The Debtor shall not consider any subsequent bid at the Auction unless it exceeds the previous highest bid by at least the Overbid Increment; provided, however, that in the event the Debtor selects a combination of Qualified Bids to serve as the Starting Qualified Bid, the Debtor reserves the right to determine an appropriate Overbid Increment for each asset or lot of assets to be sold at the Auction in consultation with the Official Committee and the Secured Lender. During the course of the Auction, the Debtor shall inform each participant which Qualified Bid(s) reflects, in the Debtor's view, the highest or otherwise best offer or combination of offers for the Purchased Assets.

ii.  Adjournment of Auction. The Auction may be adjourned as the Debtor deems appropriate in consultation with the Official Committee and the Secured Lender. Reasonable notice of such adjournment and the time and place for the resumption of the Auction shall be given to all Qualified Bidders that have submitted a Qualified Bid and counsel to any statutory committee appointed in this case.

iii.  Each Qualified Bidder participating at the Auction will be required to confirm that it has not engaged in any collusion with respect to the bidding or the Sale.

iv.  Bidding at the Auction will be transcribed or videotaped.

**Other Terms**

All Qualified Bids, the Auction, and the Amended Bidding Procedures are subject to such additional terms and conditions as are announced by the Debtor and are not inconsistent with the Amended Bidding Procedures Order. At the conclusion of the Auction, the Debtor shall announce the bid or combination of bids made pursuant to the Amended Bidding Procedures Order that represents the highest or otherwise best offer for all of the Purchased Assets (the "Successful Bid"). Prior to the entry of the Sale Order, the Debtor shall announce the identity of the Qualified Bidder or combination of Qualified Bidders who submitted the Successful Bid at the Auction (the "Successful Bidder") and announce its intention to either (i) pursue a transaction with the Successful Bidder, or (ii) not proceed with a sale to the Successful Bidder. If an Auction is held, the Debtor shall be deemed to have accepted a Qualified Bid only when (i) such bid is declared the Successful Bid at the Auction, (ii) definitive documentation has been executed in respect thereof, and (iii) the Court has approved the Sale to the Successful Bidder. Such acceptance by the Debtor is conditioned upon approval by the Court of the Successful Bid and the entry of an order approving such Successful Bid.

**Irrevocability of Certain Bids**

The Successful Bid shall remain irrevocable in accordance with the terms of the purchase agreement executed by the Successful Bidder. The bid of the Qualified Bidder or combination of Qualified Bidders (the "Back-Up Bidder") that submits the next highest or otherwise best bid or combination of bids (the "Back-Up Bid") shall be irrevocable until the earlier of: (i) 20 days after entry of the Sale Order approving the Successful Bid; (ii) closing of the sale to the Successful Bidder; and (iii) such date as the Debtor affirms in writing that the Debtor does not intend to proceed with a sale to the Successful Bidder. Following the entry of the Sale Order, if the Successful Bidder fails to consummate the Sale because of a breach or failure to perform on the part of the Successful Bidder, the Back-Up Bid will be deemed to be the new Successful Bid, and the Debtor will be authorized, but not required, to consummate the Sale with the Back-Up Bidder without further order of the Court. In such case, the defaulting Successful Bidder's Minimum Deposit shall be forfeited to the Debtor and the Debtor shall have the right to seek any and all other remedies and damages from the defaulting Successful Bidder.

The Debtor will present the results of the Auction to the Bankruptcy Court at the Sale Hearing (as defined below), at which time certain findings will be sought from the Bankruptcy Court regarding the Auction, including, among other things, that (i) the Auction was conducted and the Successful Bidder was selected in accordance with these Amended Bidding Procedures, (ii) the Auction was fair in substance and procedure, and (iii) consummation of the Sale contemplated by the Successful Bid will provide the highest or otherwise best value for the Purchased Assets and is in the best interests of the Debtor and its creditors.

**Sale Hearing**

The Court shall conduct a hearing to approve the sale of the Debtor's assets on **February 23, 2016 at 10:00 a.m.** before the Honorable Judge Janet S. Baer in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Room 615, Chicago, Illinois 60604 (the "Sale Hearing").

**Return of Deposit**

Except as otherwise provided in this paragraph with respect to any Successful Bid and any Back-Up Bid, the Minimum Deposits of all Qualified Bidders that submitted such a deposit under the Amended Bidding Procedures shall be returned upon or within five (5) business days after the Auction. The Minimum Deposit of the Successful Bidder shall be held until the closing of the Sale of the Purchased Assets and applied in accordance with the Successful Bid. The Minimum Deposit of the Back-Up Bidder shall be returned upon or within the earlier of 20 days after the date of the Sale Hearing (the "Outside Back-Up Date") or the closing of the Sale of the Purchased Assets to the Successful Bidder.

**Failure to Close**

If the Successful Bidder fails to consummate the transaction in accordance with the terms of the purchase agreement executed by the Successful Bidder by the closing date contemplated in the purchase agreement agreed to by the parties for any reason, the Debtor shall: (i) retain the Successful Bidder's Minimum Deposit as partial liquidated damages; (ii) maintain the right to pursue all other available remedies, whether legal or equitable; and (iii) be free to consummate the proposed transaction with the Back-Up Bidder at the highest price bid by the Back-Up Bidder at the Auction, without the need for an additional hearing or Order of the Court.

**Reservation of Rights**

Except as otherwise provided in the Amended Bidding Procedures Order, and in consultation with the Secured Lender and the Official Committee, the Debtor reserves the right as it may reasonably determine to be in the best interests of its estate, to: (i) determine which bidders are Qualified Bidders; (ii) determine which bids are Qualified Bids; (iii) determine which Qualified Bid or combination or Qualified Bids is the highest and best proposal and which is the next highest and best proposal; (iv) reject any bid that is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Amended Bidding Procedures or the requirements of the Bankruptcy Code or (c) contrary to the best interests of the Debtor and its estate; (v) remove some of the Purchased Assets from the Auction; (vi) waive terms and conditions set forth herein with respect to all potential bidders; (vii) impose additional terms and conditions with respect to all potential bidders; (viii) extend the deadlines set forth herein; (ix) adjourn or cancel the Auction and/or Sale Hearing in open court without further notice; (x) modify the Amended Bidding Procedures as the Debtor may determine to be in the best interests of its estate or to withdraw the Motion at any time with or without prejudice; and (xi) conduct the Auction in such manner and on such terms as the Debtor believes, in consultation with counsel to the Official Committee of Unsecured Creditors, is in the best interests of the Debtor and its estate.

**Expenses**

Except as otherwise ordered by the Court, any bidders presenting bids shall bear their own expenses in connection with the proposed sale, whether or not such sale is ultimately approved, in accordance with the terms of the purchase agreement.

## SCHEDULE 2

**AMENDED NOTICE OF AUCTION AND SALE HEARING**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

<u>AMENDED NOTICE OF AUCTION AND SALE HEARING</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    On November 2, 2015, the above-captioned debtor and debtor-in-possession (the "Debtor") filed a motion [**_Docket No. 75_**] for entry of orders, among other things: (i) approving bidding procedures in connection with the sale (the "Sale") of all or substantially all assets of the Debtor (ii) scheduling a hearing (the "Sale Hearing") to consider the sale of the Purchased Assets and setting objection and bidding deadlines with respect to the Sale; (iii) approving the form and manner of notice of the Auction for the Purchased Assets and the Sale Hearing; and (iv) granting related relief.  The Motion additionally requests entry of an order or orders: (i) authorizing the sale of the Purchased Assets free and clear of liens, claims, encumbrances, and interests; (ii) approving the assumption, assignment and/or transfer of Executory Contracts and Unexpired Leases; and (iii) granting related relief.

2.    The Debtor seeks to sell the Purchased Assets to the Successful Bidder or Back-Up Bidder.  Approval of the sale of assets to either the Successful Bidder or Back-Up Bidder may result in, among other things, the assumption, assignment and/or transfer by the Debtor of certain executory contracts and leases.  If you are a party to an executory contract or lease with the Debtor, you will receive a separate notice that contains relevant dates and other information that may impact you as a party to an executory contract or lease.

3.    On November 16, 2015, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division entered an order establishing bidding procedures, which the Court subsequently modified on January 5, 2016 (the "Amended Bidding Procedures") pursuant to an order (the "Amended Bidding Procedures Order").  Pursuant to the Amended Bidding Procedures Order, if the Debtor receives any Qualified Bids (as defined in the Amended Bidding Procedures), the Auction for the Purchased Assets shall take place on **February 22, 2016 at 10:00 a.m. (prevailing Central time)** at the offices of Perkins Coie LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603.  Only parties that have submitted a Qualified Bid in accordance with the Amended Bidding Procedures, attached to the Amended Bidding Procedures Order as **Schedule 1**, by no later than **February 17, 2016 at 12:00 noon (prevailing Central time)** (the "Bid Deadline") may participate at the respective auction. Any party that wishes to take part in this process and submit a bid for the Purchased Assets must submit their competing bid prior to the Bid Deadline and in accordance with the Amended Bidding Procedures.

4.    The Sale Hearing to consider approval of the Sale of the Purchased Assets to the Buyer or such other Successful Bidder or Back-Up Bidder free and clear of all liens, claims, and encumbrances will be held before the Honorable Janet S. Baer United States Bankruptcy

Judge, 219 S. Dearborn St., Room 615; Chicago, Illinois 60604 on **February 23, 2016 at 10:00 a.m. (prevailing Central time)**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5.      Objections, if any, to the Sale, or the relief requested in the Motion (other than with respect to cure amounts and adequate assurance which are subject to a separate notice) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) be filed prior to the Sale Hearing with the clerk of the Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Room 713, Chicago, Illinois 60604.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY DISREGARD IT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER HEARING AND NOTICE.**

6.      This Notice and the Sale Hearing is subject to the terms and conditions of the Motion, the Amended Bidding Procedures Order, and the Amended Bidding Procedures, which shall control in the event of any conflict and the Debtor encourages parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Purchased Assets or to obtain a copy of any related document, subject to any necessary confidentiality agreement, may make a written request to counsel to the Debtor, Perkins Coie LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: Dan Zazove and David Gold. In addition, copies of the Motion, the Amended Bidding Procedures Order and this Notice can be found on the Court's case management website [http://ecf.ilnb.uscourts.gov].

Dated: January 5, 2016                     **LB STEEL, LLC,**

                                           By: _____
                                              PERKINS COIE LLP
                                              Daniel A. Zazove
                                              David J. Gold
                                              131 S. Dearborn Street, Suite 1700
                                              Chicago, Illinois 60603-5559
                                              Telephone: (312) 324-8400
                                              Facsimile: (312) 324-9400

                                           *Attorneys for the Debtor*

## SCHEDULE 3

## NOTICE OF ASSUMPTION, ASSIGNMENT AND/OR TRANSFER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**NOTICE OF ASSUMPTION, ASSIGNMENT AND/OR TRANSFER**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On November 16, 2015, the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court") entered an order pursuant to sections 363, 365, 503 and 507 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure in the chapter 11 case of the above-captioned debtor and debtor-in-possession (the "Debtor") approving, among other things, the fixing of cure amounts (the "Cure Amounts") related to the Debtor's potential assumption, assignment and/or transfer of certain executory contracts, unexpired leases, and other agreements (the "Assumed Agreements") listed on **Exhibit A** annexed hereto in connection with the sale of certain of the Debtor's assets (the "Purchased Assets"), which order the court amended on January 5, 2016 (the "Amended Bidding Procedures Order"),[1]. The Debtor may assume, assign, and/or transfer the Assumed Agreements to the Successful Bidder or Back-Up Bidder for the Purchased Assets under the bidding procedures (the Amended "Bidding Procedures") approved by the Bankruptcy Court and attached to the Amended Bidding Procedures Order as **Schedule 1**.

2.      The Debtor believes that any and all defaults (other than the filing of this Chapter 11 Case) and actual pecuniary losses under the Assumed Agreements can be cured by the payment of the Cure Amounts listed on **Exhibit A** annexed hereto.

3.      Any objections to (i) the assumption, assignment and/or transfer of an Assumed Agreement, or (ii) the amount asserted as the Cure Amount (each, a "Cure Amount/Assignment Objection"), must be in writing and set forth with specificity the nature of the objection and the cure amount that the objecting party believes should be paid in connection with the assumption of the Assumed Agreement (the "Claimed Cure Amount"). In addition, if the Debtor identifies additional executory contracts or unexpired leases that might be assumed by the Debtor and assigned to the Successful Bidder or Back-Up Bidder not set forth in the original Notice of Assumption and Assignment, the Debtor shall promptly send a supplemental notice (a "Supplemental Notice of Assumption and Assignment") to the applicable counterparties to such additional executory contracts and unexpired leases.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Amended Bidding Procedures Order.

4.      To be considered a timely Cure Amount/Assignment Objection, the Cure Amount/Assignment Objection must be filed with the Bankruptcy Court and served upon: (i) counsel to the Debtor, Perkins Coie LLP, 131 S. Dearborn St., Suite 1700, Chicago, Illinois 60603, Attn: Dan Zazove and David Gold; (ii) counsel to MB Financial Bank, N.A., Arnstein & Lehr LLP, 120 South Riverside Plaza, Suite 1200, Chicago, IL 60606, Attn: Barry Chatz and David Golin; (iii) the office of the United States Trustee (Region 11), 219 S. Dearborn St., Suite 873, Chicago, Illinois 60604, Attn: Kimberly Bacher; and (iv) counsel for the Official Committee of Unsecured Creditors, Duane Morris LLP, 190 S. LaSalle St., #3700, Chicago, IL 60603, Attn: Rosanne Ciambrone, by the later of (i) 4:00 p.m. (prevailing Central time) on January 8, 2016 or (ii) ten (10) days after service of any relevant Supplemental Notice of Assumption and Assignment.

5.      If a Cure Amount/Assignment Objection is timely filed, the Debtor may, after consultation with the Official Committee of Unsecured Creditors, resolve any Cure Amount/Assignment Objection by mutual agreement with the objecting counterparty to any Executory Contract or Unexpired Lease without further order of the Court.  In the event that the Debtor and any objecting party are unable to consensually resolve any Cure Amount/Assignment Objection, a hearing with respect to that objection shall be held before the Honorable Janet S. Baer United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn St., Room 615, Chicago, Illinois 60604 at such date and time as the Debtor may schedule with the Court.

6.      Unless the Cure Amount/Assignment Objection is timely filed and served, the assumption, assignment and/or transfer of the applicable Assumed Agreement will proceed without further notice at the hearing to approve the sale of the Purchased Assets.

7.      Notwithstanding the foregoing each non-debtor party shall retain the right to object to the assumption, assignment or transfer of its Executory Contract and Unexpired Lease, based solely on the issue of whether the Successful Bidder or Back-Up Bidder can provide adequate assurance of future performance as required by Section 365 of the Bankruptcy Code.  On or before February 18, 2016, the Debtor will serve a notice identifying all Qualified Bidders to the non-debtor parties to the Executory Contracts and Unexpired Leases that have been identified in such Qualified Bids and providing contact information for those Qualified Bidders.  The non-debtor parties to the Executory Contracts and Unexpired Leases may contact such Qualified Bidders to request information necessary for evaluating the Qualified Bidders' ability to perform under the relevant Executory Contract or Unexpired Lease.  Such notice may be provided by electronic mail if a non-debtor party provides the Debtor with an electronic mail address for such purpose.  The non-debtor parties to the Executory Contracts and Unexpired Leases will have until the Sale Hearing to object to the assumption, assignment and/or transfer of such Executory Contract or Unexpired Lease solely on the issue of whether the Successful Bidder can provide adequate assurance of future performance as required by section 365 of the Bankruptcy Code.  Any such objections may be made orally at the Sale Hearing.

8.      Parties that fail to file and serve timely Cure Amount/Assignment Objections shall be deemed to have waived and released any and all rights to assert against the Debtor, the

Successful Bidder or Back-Up Bidder cure amounts different from the Cure Amounts listed on **Exhibit A** attached hereto and shall be forever barred and estopped from asserting or claiming against the Debtor, the Successful Bidder or Back-Up Bidder, or any assignee of any Assumed Agreement that any additional amounts are due or defaults exist, or prohibitions or conditions to assignment exist or must be satisfied, under such Assumed Agreement.

9.      The Debtor, the Successful Bidder or the Back-Up Bidder, as the case may be, may determine to exclude any Executory Contract or Unexpired Lease from the list of Purchased Assets no later than one (1) business day prior to the Sale Hearing, or, if the Court determines at any hearing on a Cure Amount/Assignment Objection that the applicable cure amount for such contract is greater than the Cure Amount proposed by the Debtor, no later than five business days following such hearing.  The non-debtor party or parties to any such excluded contract or lease will be notified of such exclusion by written notice mailed within two business days of such determination.

10.     If no Cure Amounts are due under an Assumed Agreement, and the non-debtor party to the Assumed Agreement does not otherwise object to the Debtor's assumption, assignment and/or transfer of the Assumed Agreement, no further action needs to be taken on the part of that non-debtor party.

11.     Copies of the Amended Bidding Procedures Order and other relevant documents are posted on the Court's website, http://ecf.ilnb.uscourts.gov.

12.     The Debtor's decision to sell, assign and/or transfer to the Successful Bidder or Back-Up Bidder the Assumed Agreements is subject to Court approval and the Closing. Accordingly, absent such Closing, any of the Assumed Agreements shall not be deemed to be sold, assigned and/or transferred, and shall in all respects be subject to further administration under the Bankruptcy Code.  The inclusion of any document on the list of Assumed Agreements shall not constitute or be deemed to be a determination or admission that such document is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

Dated: January 5, 2016

LB STEEL, LLC,

By: _____
PERKINS COIE LLP
Daniel A. Zazove
David J. Gold
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone:  (312) 324-8400
Facsimile:  (312) 324-9400

*Attorneys for the Debtor*