UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   15-35358 |
| LB Steel, LLC | ) | |
| | ) | |
| | ) | Chapter:  11 |
| | ) | Honorable Janet S. Baer |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

## THIRD FINAL ORDER AUTHORIZING DEBTOR TO USE
## CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Upon the agreement of the above-captioned debtor (the "Debtor") and MB Financial Bank, N.A. (the "Lender"), pursuant to sections 361 and 363 of the Bankruptcy Code, for the entry of an order authorizing the Debtor's use of cash collateral and providing adequate protection to the Lender; it appearing that the relief requested is in the best interests of the Debtor, its estate, its creditors; and that notice was sufficient under the present circumstances;

A. The Debtor having represented that the sale of the Debtor's assets to LB Metals, LLC, pursuant to order of the Court, closed on March 11, 2016 (the "Closing Date"). The cash amount received by the Debtor for its assets, net of cure costs of $100,000, and after a working capital adjustment, was $11,622,586 (the "Net Sale Proceeds").

B. The Debtor having represented that on the Closing Date, the Debtor paid the Lender all amounts due to the Lender as of that date, or $11,039,000.

C. The Debtor having represented that as March 12, 2016, the balance in the Debtor's bank account, over which the Lender asserts a secured claim, was $1,820,000.

D. The Debtor having represented that a $350,000 working capital adjustment escrow was established on the Closing Date, which is held by First American Title Insurance Company, and that the Lender asserts a secured claim on the escrow funds.

E. Jurisdiction. This Court has core jurisdiction over this bankruptcy case, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

F. Objections. Any objection to the entry of this Final Order have been resolved or are overruled.

NOW THEREFORE IT IS HEREBY ORDERED THAT:

1. Use of Cash Collateral. The Debtor is hereby authorized to use the Lender's cash collateral (the "Cash Collateral"), pursuant to sections 361 and 363 of the Bankruptcy Code to pay expenses incurred by the Debtor's business through the Closing Date, including expenses relating to its employees, postpetition vendors, insurance, and taxes (including all payroll taxes), and certain professionals. Payment to the Debtor's counsel, counsel for the Official Committee of Unsecured Creditors (the "Committee"), and any other professionals whose employment has been approved by the Court pursuant

to 11 U.S.C. § 327, shall be subject to: (a) the terms of the Court's November 10, 2015 Order Approving Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Official Committee Members; and (b) 11 U.S.C. §§ 330, 331. Debtor's use of Cash Collateral is authorized only through April 8, 2016, and may not be extended other than on the express written consent of the Lender or order of the Court.

2. Adequate Protection. As partial adequate protection for the use of cash collateral, the Debtor paid the Lender all amounts due to the Lender as of the Closing Date.

3. Additional Adequate Protection. To the extent that the Committee prosecutes its objection to the extent and validity of the Lender's interests in its collateral and the Court determines that the Lender does not hold a valid and perfected lien on any of the Net Sale Proceeds, the Lender is granted a valid and perfected lien (the "Lien on Proceeds") on the Net Sale Proceeds in the amount of such Cash Collateral that the Debtor uses subsequent to the Closing Date. The extent and validity of the Lender's interests in its collateral shall be measured as of the Closing Date. Notwithstanding anything to the contrary in this Final Order, the Lender shall not be granted a lien on or against the Debtor's chapter 5 causes of action. Except as expressly set forth in this Final Order, the Lien on Proceeds granted herein shall not be subject to any liens which are avoided and preserved for the benefit of the Debtor's estate under section 551 of the Bankruptcy Code.

4. Termination of Use of Cash Collateral. Notwithstanding anything to the contrary contained herein, the Debtor's right to use the Cash Collateral shall expire on the earliest to occur of: (a) April 8, 2016; (b) the entry by this Court of an order reversing, amending, supplementing, staying, vacating or otherwise modifying the terms of this Final Order; (c) the conversion of the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code; (d) the occurrence of the effective date or consummation of a plan of reorganization; or (e) the appointment of a trustee or examiner or other representative with expanded powers for the Debtor (the first such occurrence being hereinafter referred to as the "Termination Event"). On and after the Termination Event, the Debtor shall immediately cease using any of the Cash Collateral; provided, however, that the Debtor reserves the right to seek Court authorization to continue to use such Cash Collateral.

5. Inspection and Reporting. The Debtor shall provide the Lender with a weekly report of the Debtor's disbursements pursuant to this Final Order by the Tuesday of the following week.

6. Effectiveness. This Final Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon execution hereof.

7. Status Hearing. A status hearing on Debtor's use of Cash Collateral shall be held on April 6, 2016 at 10:30 a.m.

Enter:

_____
United States Bankruptcy Judge

Dated: 3/15/16

**Prepared by:**
David Gold
Perkins Coie LLP