UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re: | BK No.: 15-35358 |
| LB Steel, LLC | Chapter: 11 |
| | Honorable Janet S. Baer |
| Debtor(s) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING FIRST APPLICATION OF HONIGMAN MILLER SCHWARTZ AND COHN LLP, SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $18,526.25 | TOTAL COSTS REQUESTED: | $7.45 |
| TOTAL FEES REDUCED: | $10,915.00 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $7,671.25 | TOTAL COSTS ALLOWED: | $7.45 |

**TOTAL FEES AND COSTS ALLOWED: $7,678.70**

The attached time entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

### (1) Duplication of and Unnecessary Services

In the present case, Special Counsel was hired by the Unsecured Creditor's Committee as conflicts counsel to represent the Committee in the investigation and evaluation of potential claims, objections and/or proceedings that may be brought against the Debtor's secured lender, MB Financial Bank. As indicated on the attached, Special Counsel, R. Palmersheim billed 4.5 hours, S. Kitei billed 1.3 hours and A. Matthew billed 5 hours of time on February 23, 2016 regarding the Debtor's proposed sale of assets. Likewise, on February 24, 2016, S. Palmersheim billed 6 hours and A. Matthew billed 7 hours for attending the hearing on the proposed sale of the Debtor's assets. At the same time, regular counsel for the Committee, Duane Morris LLP through attorneys R. Ciambrone and M. Olins billed a total of 14.7 hours on those same days regarding Debtor's proposed sale of assets. First, having a total of five attorneys representing the Committee bill time for matters regarding Debtor's sale of assets is completely unwarranted. Second, the only issue regarding the sale that was at all relevant to Special Counsel's role in this case, related to whether the Debtor would be permitted to pay the bank out of the proceeds of the sale of the Debtor's assets. Thus, the time expended by Special Counsel as outlined herein related to the sale matters was extremely excessive and well beyond the scope of Special Counsel's role in this case.

The Court denies the allowance of compensation for services that are unnecessary and duplicate those of another professional or paraprofessional. *See* 11 U.S.C. § 330(a)(4)(A)(i). Reduction in fees is warranted if multiple attorneys from the same firm or multiple attorneys representing the same party appear in court on a motion or argument or participate in the same conference or are reviewing the same issue, unless counsel adequately demonstrates that each attorney present contributed in some meaningful way. *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) ("A debtor's estate should

not bear the burden of duplication of services. If found in the record, such duplication shall be disallowed by the court as unnecessary.").

As indicated above, Special Counsel's role is very limited in this case. Special Counsel has not provided any justification to the Court for the excessive time of multiple attorneys to address matters related to the Debtor's sale of its assets. The Court has allowed 2 hours of time billed at senior counsel R. Palmersheim's rate on February 23, 2016. The remaining time as outlined herein billed by Special Counsel on February 23 and February 24, 2016 is disallowed.

Enter:

*[signature]*

United States Bankruptcy Judge

Dated: 4/18/16

**Prepared by:**
The Chambers of The Honorable Janet S. Baer
219 S. Dearborn
Chicago, IL 60604

Rev: 20120501_bko

# HONIGMAN

Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors

(312) 701-9300
Fax: (312) 701-9335
www.honigman.com
I.D. NO. 38-1407377

## TIME DETAIL

| Date | Name | Hours | Description |
|---|---|---|---|
| 02/23/16 | R. Palmersheim | 4.50 | Multiple phone conferences regarding sale of assets and proposed sale order (1.0); reviewing drafts of agreements, proposed order and transcripts (3.0); conferences with Mathew and Kitei (.30); multiple emails with counsel for parties (.20). |
| 02/23/16 | S. Kitei | 1.30 | Telephone conferences with A. Mathew re sale order (.30); review transcript re same (.50); telephone conference with Debtor's counsel re same (.50). |
| 02/23/16 | A. Mathew | 5.00 | Telephone call with Olins and Ciambrone ▓▓▓ (1.0); reviewing filings re same (1.50); preparing for hearing to confirm sale (2.50). |
| 02/24/16 | R. Palmersheim | 7.30 | Reviewing proposed sale agreements (.20); reviewing APA (.10); reviewing docket (.10); preparing for hearing on proposed sale (.50); attending hearing (6.0); conference with counsel regarding upcoming filings (.30); reviewing email regarding proposed amendment to sale order (.10). |
| 02/24/16 | A. Mathew | 8.80 | Preparing for and attending evidentiary hearing to approve sale (7.0); conferring with counsel for Committee and Walsh re same (1.0); emails re proposed order (.80). |
| 02/25/16 | R. Palmersheim | 1.00 | Emails with Kitei and Mathew regarding investigation of claims (.30); emails with Gold and creditors committee regarding edits to sale order (.20); reviewing sale order and analyzing claims (.50). |
| 02/26/16 | A. Mathew | 0.50 | Telephone call with Kitei re background and research issues re ▓▓▓ (.50). |
| 02/29/16 | R. Palmersheim | 0.50 | Reviewing documents from OMalley regarding assets (.30); email with Mathew regarding status (.10); conferring with Mathew (.10). |

260770 – 379685
ACMA 1272310 03/15/16

2