IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 15-35358 |
| LB STEEL, LLC | ) Chapter 11 |
| | ) Hon. Janet S. Baer |
| *Debtor.* | ) |

## NOTICE OF MOTION

TO: ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 23rd day of May, 2019 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Janet S. Baer, Bankruptcy Judge, in the room usually occupied by her as courtroom 615 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **Motion for Final Allowance of Compensation to Debtor's Special Counsel**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 21st Floor
Chicago, Illinois 60611
(312) 840-7000

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing **Notice** and attached **Motion** was sent via the Court's Electronic Filing System (ECF), to all parties entitled to receive such notice, and to the client via e-mail on this 29th day of April 2019.

/s/David K. Welch

1

## SERVICE LIST

U.S. Trustee
Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Rm. 873
Chicago, IL 60604

David A. Agay
McDonald Hopkins LLC
300 N. LaSalle St.
Chicago, IL 60654
dagay@mcdonaldhopkins.com

Jeffrey E. Altshul
Carlson Dash LLC
216 S. Jefferson St., Ste. 504
Chicago, IL 60661
jaltshul@carlsondash.com

Kurt M. Carlson
Carlson Dash LLC
216 S. Jefferson St., Ste. 504
Chicago, IL 60661
kcarlson@carolsondash.com

Barry A. Chatz
Arnstein & Lehr LLP
120 S. Riverside Plz., Ste. 1200
Chicago, IL 60606
bachatz@arnstein.com

William D. Cherny
Cherny Law Offices, PC
111 E. Jefferson Ave.
Naperville, IL 60540
bill@chernylaw.com

Joseph E. Cohen
Cohen & Krol
105 W. Madison, Ste. 1100
Chicago, IL 60602
jcohen@cohenandkrol.com

John M. Craig
Carlson Dash, LLC
216 S. Jefferson St., Ste. 504
Chicago, IL 60661

William Cross
Figliulo & Silverman, P.C.
10 S. LaSalle St., Ste. 3600
Chicago, IL 60603
wcross@fslegal.com

Daniel P. Dawson
Nisen & Elliott, LLC
200 W. Adams St. Ste 2500
Chicago, IL 60606
ddawson@nisen.com

Michael K. Desmond
Figliulo & Silverman, P.C.
10 S. LaSalle St., Ste. 3600
Chicago, IL 60603
mdesmond@fslegal.com

Joshua A. Gadharf
McDonald Hopkins PLC
39533 Woodward Ave.
Suite 318
Bloomfield Hills, MI 48304
jgadharf@mcdonaldhopkins.com

David A. Golin
Arnstein & Lehr LLP
120 S. Riverside Plz, Ste. 1200
Chicago, IL 60606-3910
dagolin@arnstein.com

Emily S. Gottlieb
Garden City Group, LLC
190 S. LaSalle St., Ste. 1925
Chicago, IL 60603
emily_gottlieb@gardencitygroup.com

2

John W. Guzzardo
ShawFishman Glantz & Towbin LLC
321 N. Clark St., Ste. 800
Chicago, IL 60654
jguzzardo@shawfishman.com

Joanne Lee
Foley & Lardner LLP
321 N. Clark St., Ste. 2800
Chicago, IL 60654
jlee@foley.com

Mark A. Ludolph
Heyl Royster Voelker & Allen
300 Hamilton Blvd.
PO Box 6199
Peoria, IL 61601
mludolph@heylroyster.com

James E. Morgan
Howard & Howard Attorneys PLLC
200 S. Michigan Ave., Ste. 1100
Chicago, IL 60604
jem@h2law.com

Kevin H. Morse
Arnstein & Lehr LLP
120 S. Riverside, Ste. 1200
Chicago, IL 60606
khmorse@arnstein.com

John S. Mrowiec
Timothy R. Conway
Conway & Mrowiec
20 S. Clark St., #1000
Chicago, IL 60603
jsm@cmcontractors.com

Joanne B. Stutz
Evans Mullinix, PA
7225 Renner Rd., Ste. 200
Shawnee, KS 66217
jstutz@emlawkc.com

David J. Gold
Perkins Coie LLP
131 S. Dearborn St., Suite 1700
Chicago, IL 60603
dgold@perkinscoie.com

Daniel A Zazove
Perkins Coie LLP
131 S. Dearborn
Suite 1700
Chicago, IL 60603-5559
dzazove@perkinscoie.com

Creditor Committee
Official Committee of Unsecured Creditors'
c/o Duane Morris LLP
190 S. LaSalle St., Ste. 3700
Chicago, IL 60603

Rosanne Ciambrone
Duane Morris LLP
190 South LaSalle Street Suite 3700
Chicago, IL 60603
rciambrone@duanemorris.com

Anand C Mathew
Honigman Miller Schwartz and Cohn LLP
One South Wacker Drive
Chicago, IL 60606
amathew@honigman.com

Matthew A. Olins
Duane Morris LLP
190 South LaSalle St., Suite 3700
Chicago, IL 60603
maolins@duanemorris.com

Robert J Palmersheim
Honigman Miller Schwartz and Cohn LLP
One South Wacker Drive
Chicago, IL 60606
rpalmersheim@honigman.com

3

John R. Weiss
Duane Morris LLP
190 S. LaSalle St., Suite 3700
Chicago, IL 60603
jrweiss@duanemorris.com

Keri L Wintle
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110
klwintle@duanemorris.com

Samuel C. Wisotzkey
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Washington Bldg.
Milwaukee, WI 53212
swisotzkey@kmksc.com

Stephen A. Yokich
Dowd, Bloch, Bennett, Cervone,
 Auerbach & Yo
8 S. Michigan Ave., 19th Fl.
Chicago, IL 60603
efile@laboradvocates.com

Maura Yusof
Heyl Royster Voelker & Allen
33 N. Dearborn St., 7th Fl.
Chicago, IL 60602
myusof@heylroyster.com


Robert L Doty
One Government Center
Suite 1240
Toledo, OH 43604-2261
Robert.doty@ohioattorneygenreral.gov

Jordan M. Litwin
Litwin Law LLC
332 S. Michigan Ave.
Suite 1100
Chicago, IL 60604
Jordan@litwinlawfirm.com

John Joseph Emmett Zummo
Howard Howard Attorneys PLLC
200 S. Michigan Ave., 11th Fl.
Chicago, IL 60604
jzummo@howardandhoward.com

**Via Email**:

LB Steel, LLC
c/o Patrick O'Malley
pomalley@dsi.biz

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-35358 |
| LB Steel, LLC, ) | Chapter 11 |
| ) | Judge Janet S. Bear |
| ) | |
| *Debtor.* ) | |

**COVER SHEET FOR APPLICATION FOR**
**PROFESSIONAL COMPENSATION**

Name of Applicant: <u>BURKE, WARREN, MACKAY & SERRITELLA, P.C., Debtor's Special Counsel</u>

Authorized to Provide
Professional Services to:   <u>Debtors</u>

Date of Order
Authorizing Employment: <u>November 16, 2017 </u>(Retroactive to November 6, 2017)

Period for Which Compensation
is Sought: From: <u>November 1, 2018</u> through <u>March 13, 2019</u>

Amount of Fees Sought: <u>$2,907.00</u>

Amount of Expense
Reimbursement Sought: <u>$0.00</u>

This is a(n):   Interim Application ____      Final Application <u>  X  </u>
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| 4/26/18 | 11/2017-03/2018 | $14,893.60 | $ 14,366.60 |
| 11/19/18 | 04/2018-10/2018 | $ 3,837.00 | $ 3,837.00 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is:
**Debtors' Special Counsel has received $18,203.60 in a prior interim fee allowances.**

Date:  April 24, 2019                                      David K. Welch and the firm of
                                                                        Burke, Warren, MacKay & Serritella, P.C.

                                       Applicant:       By:__ /s/David K. Welch_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-35358 |
| LB STEEL, LLC, ) | Chapter 11 |
| ) | Hon. Janet S. Baer |
| ) | |
| *Debtor.* ) | |

## MOTION FOR FINAL ALLOWANCE OF
## COMPENSATION TO DEBTORS' SPECIAL COUNSEL

David K. Welch and the law firm of Burke, Warren, MacKay & Serritella, P.C., ("BWMS"), Special Counsel to LB Steel, LLC, (collectively, the "Debtor"), make their Motion pursuant to Section 330 of the Bankruptcy Code for Final Allowance of Compensation for legal services rendered and expenses incurred during the period November 1, 2018 through March 13, 2019; and in support thereof, state as follows:

### Introduction

1. On October 18, 2015, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. The Debtor is liquidating its assets and managing its financial affairs as Debtor-in-Possession. No trustee or examiner has been appointed to serve in this Chapter 11 case. However, an Official Committee of Unsecured Creditors has been appointed in this Chapter 11 case by the United States Trustee.

1

3.   On November 16, 2017, this Court entered an Order authorizing the Debtor to retain BWMS as its Special Counsel in this Chapter 11 case retroactive to November 6, 2017, with compensation subject to the further Order of this Court.[1]

4.   By this Motion, BWMS requests a final allowance of interim compensation in the amount of $2,907.00, for legal services rendered to the Debtors during the period of November 1, 2018 through March 13, 2019. Itemizations of the legal services rendered during this relevant period are attached to this Motion as **Exhibit A**.

5.   BWMS has received two (2) prior allowance of interim compensation and expenses in this Chapter 11 case in the amount of $18,203.60 ("Prior Interim Allowances"). BWMS further requests that this Court approve the Prior Interim Allowances under Section 330 of the Bankruptcy Code.

6.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

7.   The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure.

### General Background

8.   For several years prior to the Petition Date, the Debtor, Walsh Construction Company ("Walsh"), the City of Chicago, Calumet Testing and others engaged in litigation in the Circuit Court of Cook County, Illinois ("State Court") relating to a construction project at O'Hare International Airport (the "Project").

---

[1] Prior to November 6, 2017, David K. Welch and Brian P. Welch were attorneys at the law firm of Crane, Heyman, Simon, Welch & Clar ("CHSWC"). On November 6, 2017, Messrs. Welch moved their practices to BWMS. The Debtor elected to then have BWMS represent it in this case.

2

9. On May 13, 2013, the State Court granted Calumet Testing's impleader and entered an order directing it to deposit $1,812,696.00 with the State Court Clerk (the "Cal Testing Deposit"). On November 12, 2013, the State Court entered an order directing the City to deposit $1,554,654.00 with the State Court Clerk (the "City Deposit," and together with the Car Testing Deposit, the "Deposits").

10. On October 14, 2015, the State Court entered a judgment consisting of a $27,500,000.00 judgment in favor of Walsh and against the Debtor for breach of contract, a $6,500,000.00 judgment in favor of the Debtor and against Walsh for breach of contract, a $1,554,654.00 judgment in favor of the Debtor on its lien claim against the City of Chicago, and a $1,812,696.00 judgment in favor of the Debtor against Calumet Testing. In the Judgment, the State Court also directed the Debtor's judgment amounts should be "set-off" against Walsh's judgment for a "net judgement" in favor of Walsh and against the Debtor in the principal amount of $19,187,304.00.

11. In the Judgment, the State Court made no finding that Walsh had any interest in the Cal Testing Deposit or City Deposit. Rather, the State Court awarded the Deposits to the Debtor. The State Court then directed that the funds be paid to Walsh to be credited in partial satisfaction of its judgment against the Debtor.

12. On October 23, 2015, Walsh filed a motion for stay relief in this Court seeking a modification of the stay in order to withdraw the Deposits. *See In re LB Steel, LLC*, No. 15-35358, Dkt. No. (Bankr. N.D. Ill. Oct. 23, 2015).

13. On December 4, 2015, the Debtor filed an adversary complaint in this Court (the "Turnover Action") against Walsh seeking a determination that the Deposits were property of the

3

Debtor's estate and seeking a turnover of the Deposits from the State Court Clerk. *See In re LB Steel, LLC,* No. 15-00876 (Bankr. N.D. Ill. Oct. 23, 2015).

14. On January 4, 2016, Walsh filed a motion to dismiss the Turnover Action (the "Motion to Dismiss"). After full briefing and oral argument on the Motion to Dismiss, this Court issued a Memorandum Opinion in the Turnover Action holding that the State Court's entry of the Judgment Order set off the Debtor's $6,500,000.00 judgment against Walsh (which amount included the Debtor's $1,554,654.00 judgment against the City Deposit and the Debtor's $1,812,696.00 judgment against the Cal Testing Deposit) against Walsh's $27,500,000.00 judgment against the Debtor.

15. On March 29, 2016, this Court entered a Memorandum Opinion in the Turnover Action finding that the setoff of the Deposited Funds was accomplished pre-petition – through and at the time of the entry of the Judgment Order – and that, as a result, the Deposited Funds were not property of the estate and were not subject to turnover to the Debtor. Accordingly, this Court dismissed the Turnover Action.

16. On December 13, 2016, the Debtor commenced the pending Adversary Proceeding (the "Second Adversary Proceeding") by filing a four (4) Count Complaint against Walsh, seeking to avoid and recover the Deposited Funds on the theory that the Debtor can recover the Deposited Funds as: (1) an avoidable setoff under 11 U.S.C. § 553(b) or, alternatively, as an avoidable preference or fraudulent transfer under 11 U.S.C. §§ 547(b) or 548(a), respectively.

17. On February 3, 2017, Walsh filed a Motion to Dismiss the Second Adversary Proceeding (the "Dismissal Motion"), seeking dismissal of the Second Adversary Proceeding or, in the alternative, requesting that this Court abstain from making a decision in the Second

4

Adversary Proceeding because of the pendency of the Appeal of the Judgment Order pending in the State Court.

18. On July 6, 2017, this Court issued an Opinion denying Walsh's request for dismissal of the Second Adversary Proceeding. However, this Court chose to abstain from further proceedings in the Second Adversary Proceeding until the Appeal is resolved ("Abstention Ruling"). In choosing to abstain, this Court stated, in part, as follows in the Opinion:

> Additionally, awaiting the appellate court's decision will conserve judicial resources, avoid the possibility of inconsistent rulings, and, ultimately, provide for the efficient judicial administration of the estate.

*LB Steel, LLC v. Walsh Construction Co.*, 572 B.R. 690, 709 (Bankr.N.D.Ill. 2017)

19. All claims in the Second Adversary Proceeding have been settled and resolved between the parties pursuant to the prior Order of this Court (the "Settlement").

**Legal Services Rendered By BWMS**

20. On November 16, 2017, this Court entered an Order authorizing the Debtor to retain BWMS as its Special Counsel in this Chapter 11 case to provide legal services to the Debtor with compensation subject to further Order of this Court. Attached to this Motion as **Exhibit A** is an itemization of legal services rendered by BWMS to the Debtor during the relevant period.

21. Specifically, BWMS has been retained as Special Counsel to the Debtor and the Debtor's estate with respect to certain avoidance litigation brought by the Debtor against Walsh emanating from the Judgment and the "set-offs" in favor of Walsh as set forth in the Judgment.

22. The Second Adversary Proceeding included alternative claims by the Debtor against Walsh for avoidance of preferences, fraudulent transfers and improper setoff to recover in excess of $3,300,000.00 against Walsh.

23. All of the legal services rendered by BWMS during the relevant period have exclusively related to the litigation in this Court against Walsh. In order to adequately fulfill its responsibilities as Special Counsel, BWMS has necessarily familiarized itself with the pre-petition litigation in State Court among Walsh, the Debtor and others and the supporting record with respect to the funds that are the subject matter of the litigation claims against Walsh. Moreover, BWMS has also necessarily familiarized itself with the litigation in this Court among Walsh, the Debtor and others and the supporting record with respect to this Court's prior decision granting the relief requested in the Motion to Dismiss.

24. BWMS has researched the complicated issues that form the basis for the alternative avoidance claims against Walsh.

25. Special Counsel has also provided limited assistance with respect to the appeals in State Court relating to the State Court judgments in favor of Walsh.

26. Special Counsel also presented a motion to this Court seeking to allow the Second Adversary Proceeding to proceed despite this Court's Abstention Ruling. After full briefing and a hearing, this Court denied the relief requested in the motion.

27. As a result of the Settlement, no further legal services are required of BWMS.

28. The hourly rates typically charged by BWMS are based on years of experience, degree of specialization and expertise, and level of professional attainment. The current hourly rates of those persons having rendered legal services to the Debtor range from $65.00 to $200.00 per hour for paralegals and clerks; $220.00 to $310.00 per hour for associates; and $325.00 to $525.00 per hour for partners.

6

29. The following is a chart that depicts the total hours each attorney at BWMS expended in representing the Debtor with respect to the matters involving Walsh Avoidance Litigation:

| Attorney | Hours | Hourly Rate | Amount |
| --- | --- | --- | --- |
| David K. Welch | 5.70 | $510.00 | $2,907.00 |
| **Total:** | **5.70** | | **$2,907.00** |

30. During the course of the representation of the Debtors during the relevant period, BWMS incurred no expenses.

31. BWMS has provided notice of this Motion to the United States Trustee and those attorneys having formally appeared in this Chapter 11 case. A separate "Master Notice" of all fee requests of all professionals, including this fee request of BWMS, has been sent to all creditors and parties in interest by Debtor's Counsel.

32. The Debtor has more than sufficient cash to pay the fees and expenses requested by BWMS.

**Conclusion**

33. The Debtor asserts that the final compensation requested in this Motion on behalf of BWMS is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services.

34. The Debtor further submits that the compensation requested by BWMS is fair, reasonable and warranted under the circumstances.

WHEREFORE, DAVID K. WELCH and the law firm of Burke Warren, MacKay & Serritella, P.C., Debtors' Special Counsel, request the entry of an Order allowing final compensation in the amount of $2,907.00, approving the Prior Interim Allowances under Section 330 of the Bankruptcy Code and granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

LB Steel, LLC,
*Debtor*

By: David K. Welch
     One of Its attorneys

**DEBTORS' SPECIAL COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch (Atty. No. 6307292)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, IL 60611
TEL: (312) 840-7000  FAX: (312) 840-7900