**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Tuesday, August 27, 2019** at **9:30 a.m.**, the undersigned shall appear before the Honorable Janet S. Baer, or any judge sitting in her stead, in Courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present **DEBTOR'S MOTION FOR ENTRY OF AN AGREED ORDER APPROVING DEBTOR'S SETTLEMENT WITH KEYSTONE CONSOLIDATED INDUSTRIES, INC., PURSUANT TO BANKRUPTCY RULE 9019(a) AND PERMITTING SHORTENED AND REDUCED NOTICE**, at which time you may appear.

Dated: August 20, 2019                                        **LB STEEL, LLC**

By:  /s/ David J. Gold
    PERKINS COIE LLP
    Daniel A. Zazove
    David J. Gold
    131 S. Dearborn Street, Suite 1700
    Chicago, Illinois 60603-5559
    Telephone:  (312) 324-8400
    Facsimile:   (312) 324-9400

*Attorneys for the Debtor*

## **CERTIFICATE OF SERVICE**

David J. Gold, an attorney, hereby certifies that on August 20, 2019, he caused the foregoing *DEBTOR'S MOTION FOR ENTRY OF AN AGREED ORDER APPROVING DEBTOR'S SETTLEMENT WITH KEYSTONE CONSOLIDATED INDUSTRIES, INC., PURSUANT TO BANKRUPTCY RULE 9019(a) AND PERMITTING SHORTENED AND REDUCED NOTICE* to be filed electronically with the Court and served via operation of the Court's electronic filing system to the ECF registered parties listed below and as otherwise indicated.

**Via ECF Notification:**

- David A Agay    dagay@mcdonaldhopkins.com, mbrady@mcdonaldhopkins.com;bkfilings@mcdonaldhopkins.com
- Jeffrey E Altshul    jaltshul@carlsondash.com
- Mark A Berkoff    mberkoff@ngelaw.com, cdennis@ngelaw.com,ecfdocket@ngelaw.com,mmirkovic@ngelaw.com
- Kurt M. Carlson    kcarlson@carlsondash.com, knoonan@carlsondash.com;bmurzanski@carlsondash.com
- Barry A Chatz    bachatz@arnstein.com, jbmedziak@arnstein.com
- William D Cherny    bill@chernylaw.com, r42907@notify.bestcase.com
- Rosanne Ciambrone    rciambrone@duanemorris.com, jkahane@duanemorris.com;rpdarke@duanemorris.com
- Candace C Clark    cclark@clarkhill.com, tbeatty@clarkhill.com
- Joseph E Cohen    jcohen@cohenandkrol.com, jcohenattorney@gmail.com;gkrol@cohenandkrol.com;jneiman@cohenandkrol.com;acartwright@cohenandkrol.com;gsullivan@cohenandkrol.com
- Jeffrey C Dan    jdan@craneheyman.com, gbalderas@craneheyman.com;dwelch@craneheyman.com;jmunoz@craneheyman.com
- Daniel P. Dawson    ddawson@nisen.com, adrag@nisen.com
- Michael K Desmond    mdesmond@fslegal.com, dorisbay@fslegal.com
- Robert L Doty    robert.doty@ohioattorneygeneral.gov
- Spenser Friel    sfriel@sperling-law.com
- Joshua A Gadharf    jgadharf@mcdonaldhopkins.com, mhdocket@mcdonaldhopkins.com
- David J. Gold    dgold@perkinscoie.com, jmatamoros@perkinscoie.com,ecf-f3d8ba2b0968@ecf.pacerpro.com;nbagatti@perkinscoie.com
- David A. Golin    dagolin@arnstein.com, mgonzalez@arnstein.com
- Emily S. Gottlieb    emily_gottlieb@gardencitygroup.com, paul.kinealy@gardencitygroup.com;PACERTeam@gardencitygroup.com
- John W Guzzardo    jguzzardo@shawfishman.com, orafalovsky@shawfishman.com
- Joel L Herz    joel@joelherz.com
- Vivek Jayaram    vivek@jayaramlaw.com
- Richard G Larsen    rlarsen@springerbrown.com, skadlcek@springerbrown.com;iprice@springerbrown.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Joanne Lee    jlee@foley.com
- Pamela J Leichtling    pleichtling@clarkhill.com

- Derek J Linkous    dlinkous@sperling-law.com, ssummerville@sperling-law.com
- Mark A Ludolph    mludolph@heylroyster.com, peoecf@heylroyster.com;tphelps@heylroyster.com
- Anand C Mathew    amathew@honigman.com, hwebster@honigman.com;litdocket@honigman.com;mro@honigman.com
- James E. Morgan    jem@h2law.com, smckinney@howardandhoward.com
- Kevin H Morse    khmorse@arnstein.com
- John S Mrowiec    jsm@cmcontractors.com
- Robert D Nachman    robert.nachman@bfkn.com, jean.montgomery@bfkn.com;mark.mackowiak@bfkn.com;ecf-6ec602372536@ecf.pacerpro.com
- Matthew A Olins    maolins@duanemorris.com
- Yasamin N Oloomi    yoloomi@perkinscoie.com, docketchi@perkinscoie.com;yasamin-oloomi-perkins-coie-6149@ecf.pacerpro.com
- Robert J Palmersheim    rpalmersheim@honigman.com, hwebster@honigman.com
- Kevin G Schneider    kschneider@ngelaw.com, ecfdocket@ngelaw.com;mmirkovic@ngelaw.com
- Scott N. Schreiber    sschreiber@clarkhill.com, tbeatty@clarkhill.com;tbraun@clarkhill.com
- Arthur G Simon    asimon@craneheyman.com, gbalderas@craneheyman.com;sclar@craneheyman.com
- Joanne B Stutz    jstutz@emlawkc.com
- John R Weiss    jrweiss@duanemorris.com
- Brian P Welch    bwelch@craneheyman.com, gbalderas@craneheyman.com
- David K Welch    dwelch@craneheyman.com, gbalderas@craneheyman.com;jdan@craneheyman.com
- Keri L Wintle    klwintle@duanemorris.com
- Samuel C. Wisotzkey    swisotzkey@kmksc.com, kmksc@kmksc.com
- Stephen A Yokich    efile@laboradvocates.com, syokich@laboradvocates.com
- Maura Yusof    myusof@heylroyster.com, soquinn@heylroyster.com;chiecf@heylroyster.com
- Daniel A Zazove    dzazove@perkinscoie.com, docketchi@perkinscoie.com;daniel-zazove-4464@ecf.pacerpro.com;jessica-matamoros-0866@ecf.pacerpro.com
- John Joseph Emmett Zummo    jzummo@howardandhoward.com

**Served as indicated:**

| Name | Party Type | Fax No. or Email | Type of Service |
|---|---|---|---|
| Office of the U.S. Trustee<br>Attn Roman Sukley<br>219 S Dearborn St, Room 873<br>Chicago, IL 60604 | U.S. Trustee | Roman.L.Sukley@usdoj.gov | ECF and Email |
| Joel L. Herz<br>Law Offices of Joel L. Herz<br>La Paloma Corporate Center<br>3573 East Sunrise Drive, Suite 215<br>Tucson, AZ  85718 | Rule 2002 - Attorneys for Keystone | joel@joelherz.com | Email, per consent |

By: /s/ David J. Gold
David J. Gold

145373595.2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**DEBTOR'S MOTION FOR ENTRY OF AN AGREED ORDER
APPROVING DEBTOR'S SETTLEMENT WITH KEYSTONE CONSOLIDATED
INDUSTRIES, INC., PURSUANT TO BANKRUPTCY RULE 9019(a)
AND PERMITTING SHORTENED AND REDUCED NOTICE**

LB Steel, LLC (the "Debtor") moves this Court for entry of an order pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure: (i) approving a settlement between and among the Debtor and Keystone Consolidated Industries, Inc. ("Keystone"); (ii) authorizing the Debtor to enter into the settlement; (iii) allowing shortened notice; and (iv) granting related relief. In support of this Motion, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought in this Motion is and Bankruptcy Rule 9019(a).

**BACKGROUND**

4. On October 18, 2015, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor's Schedules of Assets and Liabilities list Keystone as holding a general unsecured claim in the amount of $13,121.40.

6. On June 13, 2016, the Debtor filed an adversary proceeding against Keystone, Case

145373595.2

No. 16-354, seeking the recovery of potentially preferential transfers that the Debtor made to Keystone during the 90 days prior to the Petition Date (the "Preference Period")[1] of approximately $100,000. In response, Keystone asserted ordinary course and new value defenses.

## RELIEF REQUESTED

7. The Debtor seeks the Court's approval and authorization, pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019(a), to settle the Debtor's preference claims against Keystone. Keystone has agreed to the Debtor's proposed form of order.

## SETTLEMENT SUMMARY

8. Pursuant to the parties' settlement agreement, attached hereto as Exhibit A (the "Settlement"), if approved by the Court, Keystone shall pay the Debtor $70,590.67 (the "Payment"). As part of the Settlement, the Debtor has agreed that Keystone has an allowed $83,712.07 general unsecured claim against the Debtor's estate, a component of which is a claim pursuant to 11 U.S.C. § 502(h). In addition, the parties have provided full releases relating to preference transfers and avoidance actions that shall be binding on the Debtor's bankruptcy estate, the Official Committee of Unsecured Creditors, the United States Trustee, any chapter 7 trustee should the Bankruptcy Case be converted, and any parties in interest asserting rights to pursue such avoidance claims.

## ARGUMENT

9. "On motion by the trustee [or debtor in possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bank. P. 9019(a). Compromises are a normal part of the bankruptcy process. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). As a matter of policy, compromises

---

[1] All such potentially preferential transfers made by the Debtor to Keystone during the Preference Period are hereinafter referred to as the "Transfers."

and settlements are favored in order to minimize litigation and expedite administration of the estate. *See Meyers v. Martin* (*In re Martin*), 91 F.3d 389, 393 (3d Cir. 1996); *In re A & C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986); accord *In re Heissinger Resources Ltd.*, 67 B.R. 378, 383 (C.D. Ill. 1986) ("the bankruptcy court is to consider that the law favors compromise.").

10. The decision to approve a settlement is within a bankruptcy court's discretion. *See Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586-87 (7th Cir. 1994) (applying the abuse of discretion standard to affirm the bankruptcy court's approval of a settlement). A settlement should be approved if it is fair and equitable and in the best interests of the bankruptcy estate. *See id.* at 586; *In re Energy Co-op., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland* (*In re Am. Reserve Corp.*), 841 F.2d 159, 161-62 (7th Cir. 1987) (explaining same and instructing that any distinction between the "best interests of the estate" and the "fair and equitable" standards is of little consequence).

11. In determining whether a proposed settlement is fair and equitable, neither an evidentiary hearing nor a rigid mathematical analysis is required. *See Depoister*, 36 F.3d at 586, 588 (evidentiary hearing not required); *In re Energy Co-op.*, 886 F.2d at 928-29 (rigid mathematical analysis of settlement values not required); *In re Am. Reserve Corp.*, 841 F.2d 159, 163 (7th Cir. 1987) (mini-trial not required). Rather, the court must determine whether the proposed compromise fall within the reasonable range of litigation possibilities. *See In re Energy Co-op.*, 886 F.2d at 929; *In re Rimsat, Ltd.*, 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997) (the court is required only "to canvas the issues in order to determine whether the settlement falls below the lowest point in the range of reasonableness.").

12. Relevant factors a bankruptcy court should consider include: (a) the litigation's probability of success; (b) the litigation's complexity; and (c) the litigation's attendant expense,

inconvenience, and delay (including the possibility that disapproving the settlement will cause wasting of assets). *See In re Am. Reserve Corp.*, 841 F.2d at 161-62 (7th Cir. 1987).

13. A bankruptcy court may also apply weight to a debtor's business judgment that the proposed settlement should be approved. *See Depoister*, 36 F.3d at 587; *In re Hessinger Resources Ltd.*, 67 B.R. at 383 ("the bankruptcy judge and the district court also may give weight to the opinions of the trustee, the parties and their attorneys.").

14. In this case, the Settlement satisfies the factors listed above and the Court should therefore approve it. It is the Debtor's business judgment that if the Settlement is not approved and the Debtor is required to prosecute its adversary proceeding to trial, the additional funds recovered for the benefit of creditors may not exceed the cost of litigation, including the Debtor's attorneys' fees. The Settlement allows for the timely resolution of the matter and creates certainty without the expense and delay of litigation.

15. Under these circumstances, the Debtor has determined, in the exercise of its business judgment, that the Settlement is fair, equitable and in the best interests of its estate because the Debtor will save significant litigation costs and the Settlement is well within the range of reasonableness for approval under Bankruptcy Rule 9019(a).

## NOTICE

16. The Debtor has given seven days' notice of the hearing on this motion via ECF to: (a) counsel to Keystone; (b) counsel to the Committee; (c) the office of the United States Trustee; and (d) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Debtor submits that this shortened and reduced notice is sufficient given the scope and effect of the Settlement.

WHEREFORE, the Debtor respectfully requests that the Court enter the parties' agreed order: (i) approving the Settlement; (ii) authorizing the Debtor to enter into the Settlement; (iii) allowing shortened and reduced notice; and (iv) granting any other relief the Court deems just and appropriate.

Dated: August 20, 2019                    **LB STEEL, LLC**

                                        By:    /s/ David J. Gold
                                        PERKINS COIE LLP
                                        Daniel A. Zazove
                                        David J. Gold
                                        131 S. Dearborn Street, Suite 1700
                                        Chicago, Illinois 60603-5559
                                        Telephone:  (312) 324-8400
                                        Facsimile:   (312) 324-9400

                                        *Attorneys for the Debtor*

145373595.2