**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 15-35358 |
| LB STEEL, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | |

**AGREED ORDER APPROVING DEBTOR'S SETTLEMENT
WITH STEEL WAREHOUSE PURSUANT TO BANKRUPTCY RULE 9019(a) AND
PERMITTING SHORTENED AND LIMITED NOTICE**

THIS CAUSE COMING TO BE HEARD on DEBTOR'S MOTION FOR ENTRY OF AN AGREED ORDER APPROVING DEBTOR'S SETTLEMENT WITH STEEL WAREHOUSE PURSUANT TO BANKRUPTCY RULE 9019(a) AND PERMITTING SHORTENED AND LIMITED NOTICE (the "Motion"); the Debtor having represented that the relief requested in the motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; Steel Warehouse Quad Cities LLC and Steel Warehouse Company, LLC (collectively, "Steel Warehouse") having stipulated and agreed to this order; it appearing that notice of the hearing on the Motion was good and sufficient under the present circumstances and that no other or further notice need be given; upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtor's settlement with Steel Warehouse as described herein, and more specifically described in the settlement agreement attached to the Motion as Exhibit A (the "Settlement"), is approved and the Debtor is authorized to enter into the Settlement with Steel Warehouse.

3. Steel Warehouse shall pay the Debtor $163,000.00 (the "Payment") upon the occurrence of the Payment Date (as defined in the Settlement) if any.

4. Upon the Debtor's receipt of the Payment from Steel Warehouse, the Debtor, the Debtor's estate and any parties in interest or subsequently-appointed trustee's right to initiate or maintain an action against Steel Warehouse pursuant to 11 U.S.C. §§ 547(b), 548 and 550 relating to the Transfers described in the Motion shall be extinguished with prejudice.

5. Schedule F of the Debtor's Schedules of Assets and Liabilities shall be amended to reflect a $91,652.49 general unsecured claim held by Steel Warehouse, which claim shall be allowed in full and shall not accrue interest. Steel Warehouse shall not be entitled to assert any additional claims against Debtor's estate.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Order shall be binding on the Debtor, the Debtor's estate, the United States Trustee, any chapter 7 trustee that may be later appointed, the Official Committee of Unsecured Creditors and other creditors of the Debtor.

8. This Court shall retain jurisdiction for the purposes of enforcing the terms of the Settlement.

ENTER:

_____

STIPULATED AND AGREED TO BY:    United States Bankruptcy Judge

LB STEEL, LLC

By: \_\_/s/ David J. Gold_____
PERKINS COIE LLP
David J. Gold (ARDC # 6299872)
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603-5559
dgold@perkinscoie.com

*Its counsel*

STEEL WAREHOUSE QUAD CITIES LLC;
STEEL WAREHOUSE COMPANY, LLC

By: \_/s/ Robert D. Nachman_____
Robert D. Nachman
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606
robert.nachman@bfkn.com

*Its counsel*

119236-0001.0012/150391076.1